549 A.2d 997

**Kenneth LEONARD, Shirley Buffner and David L. Leonard, Administratrix of the Estate of Elizabeth Gault, a/k/a Betty Gault:**

**v.**

**LATROBE AREA HOSPITAL and George E. Mamo, M.D., Appellants.**

Superior Court of Pennsylvania.

Argued May 4, 1988.

Filed Oct. 24, 1988.

244

Gayle L. Godfrey, Pittsburgh, for appellants.

Anthony W. DeBernardo, Jr., Greensburg, for appellees.

Before CIRILLO, President Judge, and BECK and POPOVICH, JJ.

BECK, Judge:

The issue is whether a party in a negligence action can discover from the hospital those patient records protected by the confidentiality provision of the Mental Health Procedures Act,[1] where the hospital has transferred those records to its attorney and insurance carrier, who are non-parties to the suit.

Appellants, a hospital and a psychiatrist, appeal from an interlocutory order of the trial court directing them to supply the appellees with the medical records of a patient, a non-party to the suit.[2] The order of the trial court directs the hospital to supply those records which are in the possession of the hospital's attorneys and insurance company, who are also not parties to the suit. Appellants argue that they are barred from producing the records by the confidentiality provision of the Mental Health Procedures Act, 50 Pa. Stat.Ann. § 7111 (Purdon 1983). Appellees admit that the statute binds the hospital and that the hospital itself cannot disclose any of the records in its own possession. However, appellees assert that the order does not direct the hospital to violate the statute, but simply directs that those records

1. 50 Pa.Stat.Ann. § 7111 (Purdon 1988).

2. The interlocutory order is properly before this Court on appeal, having been certified by the trial court according to 42 Pa.Cons.Stat. Ann. § 702(b) (Purdon 1983). Appellant filed a petition for Permission to Appeal pursuant to Rule 1311 of the Rules of Appellate Procedure and was granted permission to appeal by this Court.

now in the hands of the hospital's insurance carrier and attorneys be made available to appellees. We find that the order at issue does in fact direct appellants to violate the confidentiality provision of the Mental Health Procedures Act; we therefore vacate the order.

Appellees are the children of, and administrators of the estate of, Elizabeth Gault. Elizabeth Gault was killed by her husband, James Gault, in November, 1983. Before the homicide, James Gault had been treated at appellant hospital for a psychiatric disorder. Appellees brought this suit, alleging that the death of their mother was a direct and proximate result of the negligence of appellants in treating and discharging James Gault. Appellees filed a Request for the Production of Documents below in an attempt to obtain from appellant hospital the medical records of James Gault, who is not a party to this action. Appellants refused to release the records without the written consent of James Gault, pursuant to the provisions of 50 Pa.Stat.Ann. § 7111 (Purdon 1988). The trial court denied appellees' motion for sanctions. Through interrogatories it was revealed that the hospital's attorneys and its insurance company had possession of the records for purposes of the lawsuit. The appellees again presented a motion for sanctions, arguing that the confidentiality statute did not apply to records in the hands of insurance companies or attorneys. The trial court then entered an order requiring the appellants to supply the appellees with any and all medical records which were in the possession of the insurance company or attorneys. The order was then certified for appeal.

The Mental Health Procedures Act, Section 7111, provides the following:

> All documents concerning persons in treatment shall be kept confidential and, without the person's written consent, may not be released or their contents disclosed to anyone except:
> (1) those engaged in providing treatment for the person;
> (2) the county administrator, pursuant to section 110;

(3) a court in the course of legal proceedings authorized by this act; and

(4) pursuant to Federal rules, statutes and regulations governing disclosure of patient information where treatment is undertaken in a Federal agency.

In no event, however, shall privileged communications, whether written or oral, be disclosed to anyone without such written consent.....

50 Pa.Stat. Ann. § 7111 (Purdon 1988).

Appellees do not contest the applicability of the statute to the records at hand. Neither do appellees contest the standing of appellants to assert the confidentiality of the records under the statute. Appellees do not argue that the appellants waived the confidentiality of the statute by releasing the records to certain third parties. Rather, appellees concede that appellants are legally bound by the statute and are not at liberty to disclose the records to anyone.

■ Appellees argue that they are not seeking records in the hands of a treatment facility which is bound by the confidentiality statute. Rather, they contend that the documents are in the possession of non-parties who are not bound by the statute. Appellees contend, and rightly so, that relevant materials in the hands of non-parties to a suit are generally discoverable. Appellees err, however, by requesting that the appellants themselves release the records to appellees. Ordering the appellants themselves to produce those records directs appellants to violate the confidentiality statute, which appellees agree is binding upon the appellants.[3] This violation cannot be disguised by the fiction that the hospital is simply asking the attorneys and insurance company to return the already disclosed records

3. Appellees do not argue that appellants, by violating the confidentiality of the records once, have waived the statute and can therefore be forced to violate it again. Thus, the issue of whether the disclosure to the insurance company and attorneys was in fact a violation is not presented here. Therefore, we do not address the question of whether the attorneys and insurance company received those records as agents of appellants and are also bound to keep those records confidential.

to the appellant so that the appellants can then give them to appellees.

■ Appellees erred procedurally in attempting to obtain from the hospital documents which are in the hands of a third person non-party to the lawsuit. We agree with appellees that relevant documents in the hands of third persons are discoverable. However, the Civil Rules of Procedure delineate the proper discovery procedure to be used when discoverable documents are in the hands of a person not a party to the suit. Rather than request that the appellants retrieve those records in the hands of the non-parties, appellees should have attempted to have the non-parties themselves produce the records. A subpoena duces tecum or an independent action in equity against the non-parties are the methods prescribed by the Rules for obtaining such documents from non-parties. Pa.R.Civ.Proc. 4007.1(d) and 4009(c).[4]

Therefore, we vacate the Order of the court below and remand for proceedings consistent with this opinion. Jurisdiction relinquished.

---

**4.** We do not now decide the question of whether the appellant's attorneys or the insurance company could refuse to produce the documents on grounds of confidentiality.