Michael CHRISTY, By and Through his natural guardians, Maureen and David CHRISTY, Appellants,

v.

WORDSWORTH–AT–SHAWNEE, Al Cavelli, Director of Wordsworth–at–Shawnee; Matthew Mutchler; Feather O. Houston, Secretary of Dept. of Public Welfare; John Doe 1 through 12.

Commonwealth Court of Pennsylvania.

Argued March 6, 2000.

Decided April 5, 2000.

Brett J. Riegel, Stroudsburg, for appellants.

Jonathan F. Ball, Philadelphia, for appellees.

Before SMITH, J., FRIEDMAN, J., and JIULIANTE, Senior Judge.

FRIEDMAN, Judge.

Michael Christy, by and through his natural guardians, Maureen and David Christy, (Christy), appeals from an order of the Court of Common Pleas of Monroe County (trial court), which dismissed Christy's motion to compel discovery.

On October 28, 1998, Christy commenced this action against Wordsworth–At–Shawnee (Wordsworth), the Director of Wordsworth, Al Cavelli, Matthew Mutchler (Mutchler), Feather O. Houston in her official capacity as the Secretary of the Department of Public Welfare (DPW), and John Does 1 through 12, by filing a praecipe for writ of summons. Christy, a resident/student at Wordsworth, alleges that, while residing at Wordsworth, he was sexually assaulted by Mutchler, another resident/student.

On March 26, 1999, Christy filed a Motion to Compel Answers to Pre–Complaint Discovery. Through pre-complaint discovery, served on Wordsworth and Cavelli (collectively, Defendants), Christy sought answers to interrogatories and requested documents relating to Christy and Mutch-

ler.[1] The trial court issued an order, dated June 25, 1999, denying Christy's motion, concluding that the mental health records held by Wordsworth are protected from disclosure under of the Mental Health Procedures Act[2] (MHPA). (*See* R.R. at 3a.) The trial court subsequently amended its order to allow this interlocutory appeal.[3]

On appeal,[4] Christy first argues that the trial court erred in holding that the MHPA prohibits the disclosure to Christy of his own mental health records. In support of his argument, Christy relies on section 111(a) of the MHPA, 50 P.S. § 7111(a), which provides in relevant part: "All documents concerning persons in treatment shall be kept confidential and,

without the person's written consent, may not be released or their contents disclosed to anyone...."[5] Christy states that, pursuant to section 111, his parents have executed a release, authorizing Wordsworth to release his mental health records. Christy argues that the release executed by his parents is proper under section 111 because he is a minor. However, under the MHPA, Christy, not his parents, retains sole control over his mental health records.

Although mental health records of a patient remain the property of the hospital or facility, the patient controls the release of information contained in his or her records and is entitled to access those records. *See* 55 Pa.Code § 5100.31(f). DPW's regulation at 55 Pa.Code § 5100.33(a) governs the patient's access

---

1. In his Pre–Complaint Interrogatories, Christy asked the following questions:

   (1) Identify each and every person involved in placing Michael Christy in Wordsworth–at–Shawnee.
   (2) Identify each and every person involved in placing Matthew Mut[chler] in Wordsworth–at–Shawnee.
   (3) Identify each and every person who, during his or her respective time at Wordsworth–at–Shawnee, performed a supervisory, teaching, counseling or other support function for:
     (a) Michael Christy
     (b) Matthew Mut[chler]
   (4) For all persons identified in Interrogatory 3 above, please describe in detail the position that person occupied, the source of funding for that position and the official description of the job duties of the position.
   (5) Identify all documents which define the duties of the individuals identified in Interrogatory 3 above.
   (6) Identify all documents which provide guidance to employees, agents, directors, independent contractors or others in the performance of their duties at Wordsworth–at–Shawnee.
   (7) Identify all documents relating to any assaults of Michael Christy by Mathew Mut[chler] or any other individual at Wordsworth–at–Shawnee.
   (8) Identify any individual who has knowledge of the assaults on Michael Christy.
   (9) Describe in detail the knowledge of the persons identified in response to Interrogatory 8 above.
   (R.R. at 14a–21a.) Christy requested that Defendants produce any and all documents iden-

tified or relied upon in Defendant's Answers to Pre–Complaint Interrogatories and any other documents that Defendants believed supported, refuted or related to matters referenced in the Brief Statement of the Case included in the Pre–Complaint Interrogatories. (R.R. 22a–26a.)

2. Act of July 9, 1976, P.L. 817, *as amended,* 50 P.S. §§ 7101–7503.

3. *See* Pa. R.A.P. 312 and 42 Pa.C.S. § 702(b). This interlocutory appeal was originally filed in the Superior Court. However, this case was transferred to this court pursuant to Pa. R.A.P. § 751 because this court has exclusive jurisdiction under 42 Pa.C.S. § 762(a)(1). We granted the petition for permission to appeal by order dated November 16, 1999.

4. Our standard of review in assessing the propriety of a common pleas court decision is limited to a determination of whether constitutional rights have been violated or whether the common pleas court abused its discretion or committed an error of law. *Gibbs v. Ernst,* 538 Pa. 193, 647 A.2d 882 (1994).

5. Under section 111(a) of the MHPA, 50 P.S. § 7111(a), the patient's consent is not needed when records are disclosed: (1) to those engaged in providing treatment to the person; (2) to the county administrator pursuant to section 110; (3) to a court in the course of a legal proceeding under the MPHA; and (4) pursuant to Federal rules, statutes and regulations governing disclosure of patient information where treatment is undertaken in a Federal agency. *See also* 55 Pa.Code § 5100.32.

to, and control over the release of, mental health records held by a mental health facility. That section states in relevant part:

> When a client/patient, 14 years of age or older, understands the nature of documents to be released and the purpose of releasing them, he shall control release of his records. For a client who lacks this understanding, any person chosen by the patient may exercise this right if found by the director to be acting in the patient's best interest.... In the event that the client/patient is less than 14 years of age or has been adjudicated legally incompetent, control over release of the client's/patient's records may be exercised by a parent or guardian of the client/patient respectively.

At oral argument, counsel for Wordsworth informed this court that Christy is over the age of fourteen; therefore, Christy is legally entitled to exercise control over the release of his own mental health records, unless, of course, he is, or has been, adjudicated legally incompetent. Absent such an adjudication, and accepting that Christy is over fourteen years of age, then Christy, not his parents, must execute a written release authorizing Wordsworth to release his medical records. Although Christy's parents can sue on behalf of their minor child, this does not give Christy's parents the right to control the release of his mental health records.[6]

■ Christy also argues that the trial court erred in denying him access to Mutchler's records held by Wordsworth. We disagree.

As discussed above, section 111 prohibits a mental health facility from disclosing documents relating to the treatment of a patient in the absence of a release executed by the patient. Christy does not argue, nor do we believe, that one of the four exceptions listed in section 111 applies to this case. Nevertheless, Christy argues that, because Mutchler admitted his guilt in a juvenile proceeding, Mutchler has waived confidentiality of his records.

Section 111 of the MHPA, 50 P.S. § 7111, has been strictly construed. *See e.g. Commonwealth v. Moyer*, 407 Pa.Super. 336, 595 A.2d 1177 (1991), *appeal denied*, 529 Pa. 656, 604 A.2d 248 (1992). When none of the four exceptions to section 111 of the MHPA apply, Pennsylvania courts have consistently denied requests for production of documents covered by the statutory privilege. For example, in *Moyer*, a case stemming from repeated sexual assaults of a boy, the Superior Court overturned the defendant's conviction on the ground that the trial court erred in admitting his mental health records into evidence because they were privileged under the MHPA. In *Leonard v. Latrobe Area Hospital*, 379 Pa.Super. 243, 549 A.2d 997 (1988), the plaintiffs' mother was killed by her husband, and the plaintiffs sued the hospital that treated him for a psychiatric disorder. In vacating the trial court's order, the court reaffirmed that, under the MHPA, the hospital could not disclose the husband's records to the plaintiffs. Similarly, the Third Circuit has held that the MHPA prohibited disclosure of two patients' mental health records to a third patient whom they allegedly had raped. *See Hahnemann University Hospital v. Edgar*, 74 F.3d 456 (3d Cir.1996).

The legislative purpose of section 111 is to protect the confidentiality of the records of persons receiving treatment for mental illness. *Johnsonbaugh v. Department of Public Welfare*, 665 A.2d 20 (Pa.Cmwlth. 1995), *aff'd*, 549 Pa. 572, 701 A.2d 1357 (1997). All documents relating to a person in treatment are confidential unless one of the statutory exceptions applies or the patient has consented in writing to the re-

---

6. We note that third parties can obtain access to a patient's mental health records if the patient consents in writing and the release meets certain requirements. *See* 55 Pa.Code § 5100.34. As Defendants contend, Christy's parents cannot obtain access to Christy's records under this section because Christy has not consented in writing.

lease of the documents.[7] *Id.* Here, Mutchler has not executed a release and none of the statutory exceptions permit disclosure of his records. We see no basis in law or in logic for the proposition that a patient waives confidentiality to his or her mental health records simply because he or she admitted guilt in a juvenile proceeding. To the degree that Christy's motion to compel seeks discovery of documents relating to a person receiving treatment for mental illness, we hold that the trial court did not err in denying Christy access to Mutchler's records.

For the above reasons, we affirm.[8]

## ORDER

AND NOW, this 5th day of April, 2000, the order of the Court of Common Pleas of Monroe County, dated June 25, 1999, is hereby affirmed.

---

**7.** We do note, however, that confidentiality may be breached if a patient has communicated to a mental health professional a specific and immediate threat of serious bodily injury against a specifically identified or readily identifiable third party; in that case, the professional has a duty to exercise reasonable care to protect by warning the third party against such danger. *See Emerich v. Philadelphia Center for Human Development, Inc.,* 554 Pa. 209, 720 A.2d 1032 (1998).

**8.** Christy also argues that he is entitled to the documents requested because Defendants failed to file a timely answer. However, this issue is not before us. This interlocutory appeal was granted solely for the purpose of considering whether the MHPA protected the mental health records of Christy and Mutchler. Christy's argument, therefore, should be addressed by the trial court.