# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Peter Vega,                 :
           Petitioner        :
                                   :    No. 39 M.D. 2022
        v.                    :
                                   :    Submitted: July 5, 2024
John E. Wetzel, Former Secretary of   :
PA/D.O.C.'s, Ms. Bernadette Mason,   :
Superintendent at SCI-Mahanoy,      :
Ms. Pamela Smith, Former Correctional :
Health Care Administrator at         :
SCI-Mahanoy,                       :
           Respondents     :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE LORI A. DUMAS, Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                **FILED: November 20, 2025**

Dissatisfied with the outcome of a prison grievance decision, which denied his request for a copy of his medical records, Peter Vega (Petitioner) has filed an amended petition for review in this Court's original jurisdiction, seeking mandamus and declaratory relief. In response, former Secretary of Corrections John E. Wetzel, Superintendent Bernadette Mason, and former Correctional Health Care Administrator Pamela Smith (collectively, Respondents) have filed preliminary objections in the nature of a demurrer. Upon review of his amended pleadings, we conclude that Petitioner has failed to identify a constitutionally protected interest not limited by the Department of Corrections (Department). Accordingly, we dismiss

the amended petition for lack of jurisdiction and dismiss as moot Respondents' preliminary objections.

## I. BACKGROUND[1]

Petitioner is an inmate currently incarcerated at the State Correctional Institution Mahanoy (SCI-Mahanoy). At some point in 2020, Petitioner was diagnosed with "an unknown liver disease and other medical issues." Am. Pet. for Rev., 8/11/23, at 5 (unpaginated). Concerned by a lack of transparency in his medical treatment, in August 2021, Petitioner requested a copy of his medical records from Smith, who was a prison healthcare administrator. A few days later, Smith denied the request. In her response, Smith advised Petitioner that he was entitled to such records only if he had a pending lawsuit.

Later that month, Petitioner filed an internal prison grievance, alleging that he was entitled to a copy of his medical records. Smith and a grievance coordinator, Ms. Mahally, denied Petitioner's grievance. Petitioner then appealed to Mason, who upheld the denial and advised Petitioner that he "may view his medical records only." *Id.* at 3. Petitioner further appealed to the Department's Office of Inmate Grievances and Appeals, which ultimately denied his appeal in December 2021.

In January 2022, Petitioner filed a petition for review, asserting an absolute right to a copy of his medical records under Section 6155(b)(1) of the Medical Records Act (Records Act),[2] 42 Pa.C.S. § 6155(b)(1).[3] *See* Pet. for Rev.,

---

[1] "When reviewing preliminary objections, we must treat as true all well-pleaded, material and relevant facts together with any reasonable inferences that can be drawn from those facts." *Gentilquore v. Pa. Dep't of Corr.*, 326 A.3d 512, 515 n.6 (Pa. Cmwlth. 2024) (*en banc*) (citation omitted). Unless otherwise stated, we glean the facts from Petitioner's amended petition for review. Am. Pet. for Rev., 8/11/23 (unpaginated).

[2] 42 Pa.C.S. §§ 6151-6160.

[3] That section provides:

1/31/22, at 4 (unpaginated). Yet, according to Petitioner, Respondents wrongfully invoked Department policy DC-ADM 003 as a means to restrict his right to these records. *See id.* Petitioner further pleaded that Respondents' conduct served no penological purpose and, therefore, denied him due process and equal protection. Accordingly, Petitioner sought mandamus and declaratory relief. *See id.*

Respondents demurred. Upon review, we dismissed Petitioner's claims in part but granted him leave to amend. *See Vega v. Wetzel* (Pa. Cmwlth., No. 39 M.D. 2022, filed July 31, 2023), 2023 WL 4853004 (*Vega I*).[4]

Petitioner promptly filed an amended petition for review. Again, Petitioner has pleaded a statutory right to a copy of his medical records and that Respondents have deprived him of that right by invoking DC-ADM 003.[5] *See* Am. Pet. for Rev. at 4-7. Further, Petitioner has pleaded a personal property interest in

---

> A patient or his designee, including his attorney, shall have the right of access to his medical charts and records and to obtain photocopies of the same, without the use of a subpoena duces tecum, for his own use. A health care provider or facility shall not charge a patient or his designee, including his attorney, a fee in excess of the amounts set forth in section 6152(a)(2)(i) (relating to subpoena of records).

42 Pa.C.S. § 6155(b)(1).

[4] We need not revisit our analysis in detail. Essentially, we dismissed certain named respondents from the case for their lack of personal involvement, dismissed the due process and equal protection claims for Petitioner's failure to plead material facts in support of his claims, but concluded that it was premature to dismiss Petitioner's mandamus claim because policy DC-ADM 003 was not of record. *See id.* We therefore directed Respondents to file an answer unless Petitioner filed an amended petition for review. *See id.*

[5] Petitioner has now attached to his amended petition what appear to be excerpts from this policy. *See* Am. Pet. for Rev., Ex. A. Petitioner has not provided the complete policy document; nevertheless, the parties do not dispute that, while inmates may view their medical records, inmates may not receive or possess a copy of those records unless they are actively engaged *pro se* in litigation. *See* Am. Pet. for Rev. at 3; Prelim. Objs., 9/5/23, at 2-3, 10. Further, this Court has previously examined DC-ADM 003 in the context of a request for a copy of a prisoner's mental health records and concluded that this Department policy prohibited the prisoner from possessing those records, absent pending *pro se* litigation. *DuBoise v. Rumcik*, 277 A.3d 1221, 1228 (Pa. Cmwlth. 2022).

3

his medical records and that Respondents' refusal to provide him with a copy of those records constitutes a violation of his right to due process.[6] *See* Am. Pet. for Rev. at 4-7. With these amended pleadings, Petitioner has renewed his claims for mandamus and declaratory relief.[7] In response, Respondents have filed preliminary objections again raising several grounds for a demurrer under Pa.R.Civ.P. 1028(a)(4). *See* Prelim. Objs., 9/5/23.

## II. DISCUSSION

A prison inmate lacks the same level of constitutional protections that a non-incarcerated citizen possesses. *See Gentilquore*, 326 A.3d at 516. An inmate does "not shed all constitutional rights at the prison gate, . . . but lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 485 (1995)).

For example, a prisoner's right of access to judicial review when dissatisfied with internal prison operations is limited. *See id.* (citing *Bronson v. Cent. Off. Rev. Comm'n*, 721 A.2d 357, 358-59 (Pa. 1998), which recognized that this Court generally lacks jurisdiction over prison grievances and misconduct appeals). In *Bronson*, the Supreme Court reasoned that this limitation on judicial review was appropriate because "internal prison operations are more properly left to the legislative and executive branches, and . . . prison officials must be allowed to exercise their judgment in the execution of policies necessary to preserve order and maintain security free from judicial interference." 721 A.2d at 358.

---

[6] It is unclear from Petitioner's pleadings what further process he requires; rather, it is apparent that Petitioner is dissatisfied with the results of the grievance process afforded him. *See generally* Am. Pet. for Rev. Petitioner has abandoned his equal protection claim. *See id.*

[7] As in his initial petition for review, Petitioner also seeks compensation for litigation expenses. *See* Am. Pet. for Rev. at 1. However, we note that Petitioner was granted leave to proceed *in forma pauperis*. *See* Order, 2/17/22.

4

To invoke our original jurisdiction, an inmate must identify a constitutionally protected liberty or property interest.[8] *Williams v. Wetzel*, 232 A.3d 652, 653-54 (Pa. 2020). "The interest must not be limited by Department regulations yet be affected by a final Department decision." *Gentilquore*, 326 A.3d at 516 (citing *Bronson*, 721 A.2d at 359; *Feliciano v. Pa. Dep't of Corr.*, 250 A.3d 1269, 1275 (Pa. Cmwlth. 2021) (*en banc*)). Alternatively, States may create a liberty interest protected by due process by adopting certain prison regulations that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* (quoting *Sandin*, 515 U.S. at 483-84).[9]

Absent the qualifying identification of a constitutionally protected interest, this Court lacks jurisdiction to review an inmate's claim arising from an

---

[8] The original jurisdiction of this Court is wholly statutory and narrowly circumscribed. *See* 42 Pa.C.S. § 761. Although Respondents do not challenge this Court's original jurisdiction over this matter, we may consider it *sua sponte*. *Williams v. Wetzel*, 232 A.3d 652, 654 (Pa. 2020); *Blount v. Phila. Parking Auth.*, 965 A.2d 226, 229 (Pa. 2009).

[9] Although conceptually the "atypical and significant hardship" standard would seem applicable to the deprivation of a property interest, in practice, this alternative appears limited to the alleged deprivation of a liberty interest. In *Sandin*, for example, the United States Supreme Court determined that 30 days in disciplinary segregation "did not work a major disruption in his environment," such as would entitle the inmate to procedural protections. 515 U.S. at 487; *see also, e.g.*, *Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (recognizing a State-created liberty interest in avoiding assignment to supermax prison, as such assignment imposed an atypical and significant hardship on inmate); *Meachum v. Fano*, 427 U.S. 215, 226-28 (1976) (rejecting a State-created liberty interest in transfer to prison with less favorable conditions absent a law or practice conditioning such transfers on proof of serious misconduct); *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974) (recognizing a State-created liberty interest in the deprivation of good-time credit following major misconduct); *Williams v. Wetzel*, 232 A.3d 652, 654 (Pa. 2020) (rejecting a liberty interest in inmate's removal from prison employment); *Powell v. Weiss*, 757 F.3d 338, 344 (3d Cir. 2014) (rejecting a State-created liberty interest in inmate's prerelease status and anticipated transfer to a community correctional center); *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000) (recognizing that inmate's liberty interest was adversely affected by his indefinite segregation in administrative custody); *Klos v. Haskell*, 48 F.3d 81, 89 (2d Cir. 1995) (rejecting liberty interest in right to participate in boot camp for inmates); *Burgin v. Nix*, 899 F.2d 733, 735 (8th Cir. 1990) (claiming liberty interest in receiving a tray lunch rather than a sack lunch).

internal prison grievance or misconduct. *Williams*, 232 A.3d at 653 (reversing this Court's exercise of jurisdiction over a due process claim challenging an inmate's dismissal from prison employment); *see also, e.g.*, *Bronson*, 721 A.2d at 359-60 (holding that this Court lacked original jurisdiction to consider the confiscation of an inmate's civilian clothing); *Gentilquore*, 326 A.3d at 518 (dismissing for lack of jurisdiction an inmate's due process claim because there is not a constitutionally protected right to medical care free from co-payments); *Brock v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 358 M.D. 2023, filed May 27, 2025), 2025 WL 1502084, at *4-5 (explaining that administrative policies, such as internal prison regulations related to self-confinement, do not create enforceable rights in inmates sufficient to support a cause of action in this Court's original jurisdiction based on due process); *Huertas v. Fiscus* (Pa. Cmwlth., No. 555 M.D. 2023, filed Mar. 11, 2025), 2025 WL 763829, at *3-4 (dismissing for lack of jurisdiction an inmate's claim challenging prison disciplinary proceedings for failure to plead facts describing an atypical and significant hardship in relation to the ordinary incidents of prison life); *Coats v. Dep't of Corr.* (Pa. Cmwlth., No. 329 M.D. 2022, filed Oct. 2, 2023), 2023 WL 6380137 (dismissing for lack of jurisdiction a due process claim because the denial of parole following misconduct proceedings did not constitute an atypical and significant hardship).[10]

Here, Petitioner has pleaded a property interest in his medical records. *See* Am. Pet. for Rev. at 4-7. While patients retain a right of access to their medical records and control the release of information contained therein, medical records remain the property of the treatment provider or facility, not the patient. *See, e.g.*, *In re June 1979 Allegheny Cnty. Investigating Grand Jury*, 415 A.2d 73, 76 (Pa. 1980)

---

[10] We may cite memorandum opinions of this Court for their persuasive value. Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

(explaining that, "while patients must be given access to, or copies of, their medical records in accordance with the Patient's Bill of Rights, . . . they are not the owners of the records[,] and the hospital cannot be considered merely a custodian"); *Christy v. Wordsworth-at-Shawnee*, 749 A.2d 557, 558 (Pa. Cmwlth. 2000) ("Although mental health records of a patient remain the property of the hospital or facility, the patient controls the release of information contained in his or her records and is entitled to access those records."); 42 Pa.C.S. § 6155(b)(1); 28 Pa. Code §§ 115.27-115.29; 55 Pa. Code § 5100.31(f).[11]  Moreover, it is indisputable that *any* interest created by the Records Act has been limited by Department policy.  *See* Am. Pet. for Rev. at 4-7.

### III. CONCLUSION

While Petitioner retains a right of access to his medical records, Department policy has limited Petitioner's right to possess a copy of those records. Based on the pleadings and clear precedent, we discern no constitutionally protected interest in the denial of Petitioner's request for a copy of his medical records that would permit this Court to consider his challenges to the prison grievance decision. *Williams*; *Bronson*; *Gentilquore*; *Feliciano*.  For these reasons, we dismiss Petitioner's amended petition for review, and we dismiss Respondents' preliminary objections as moot.

**LORI A. DUMAS, Judge**

---

[11] In Pennsylvania, the codified Patients' Bill of Rights recognizes, *inter alia*, a patient's rights to privacy, confidentiality, and information regarding his care.  *See* 28 Pa. Code § 103.22(b). Petitioner has not invoked this Bill of Rights, nor has he pleaded facts that would implicate the deprivation of these rights, and we note specifically that Petitioner is permitted to view his records. *See* Am. Pet. of Rev.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Peter Vega,                          :
                    Petitioner       :
                                     :   No.  39 M.D. 2022
            v.                       :
                                     :
John E. Wetzel, Former Secretary of  :
PA/D.O.C.'s, Ms. Bernadette Mason,   :
Superintendent at SCI-Mahanoy,       :
Ms. Pamela Smith, Former Correctional :
Health Care Administrator at         :
SCI-Mahanoy,                         :
                    Respondents      :

# **O R D E R**

AND NOW, this 20th day of November, 2025, we DISMISS the amended petition for review, filed by Peter Vega on August 11, 2023, for lack of jurisdiction.  We DISMISS the Respondents' preliminary objections as moot.

 

 

---
**LORI A. DUMAS, Judge**