Samuel H. BARLEY, Appellee,

v.

**CONSOLIDATED RAIL CORPORATION,**
**Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 3, 2002.

Filed March 21, 2003.

T.H. Lyda, Pittsburgh, for appellant.

John P. Lacher, Natrona Heights, for appellee.

Before JOYCE, BENDER, and BECK, JJ.

OPINION BY BENDER, J.:

¶ 1 Consolidated Rail Corporation (Appellant) appeals from a discovery order in Samuel H. Barley's (Appellee) personal injury action against Appellant. The order directs Appellant to produce for deposition two of its former legal counsel, and also deems admitted one of Appellee's Request for Admissions. Appellant claims that this Court has jurisdiction to review the order because it constitutes a collateral order under Pa.R.A.P. 313. We conclude that

portions of the order satisfy the collateral order test, and that furthermore, these portions of the order constitute trial court error. However, there are portions of the order that we have refrained from reviewing, either because of the undeveloped state of the record or because the issue does not satisfy the collateral order test, and therefore, we quash those issues. Thus, for the following reasons, we reverse in part and quash in part.

¶ 2 Appellee filed suit against Appellant on January 17, 2001. The trial court issued a case management order on April 27, 2001, directing the parties to complete their discovery by March 4, 2002. At issue in this appeal is the court's order, dated March 19, 2002, which granted in part Appellee's Amended Motion to Compel and Motion for Sanctions. The order directed Appellant to · produce Lucy Amerman, Esq., and Ellen Goering, Esq.,[1] for oral deposition along with documents within their control and which were identified in the notices of deposition attached to Appellee's Amended Motion to Compel and Motion for Sanctions. Furthermore, the order deemed admitted Admission Number 31 of Appellee's Request for Admissions and Request for Production of Documents, which stated:

> *Request for Admission No. 31 Directed to Conrail:*
>
> Admit that Exhibit "A" is a true and correct copy of the address [of] Marsha Comstock, M.D., Conrail's ex-Medical Director, delivered to the American College of Occupational and Environmental Medicine, on or about April 26—30, 1999, in New Orleans, Louisiana.

Appellant filed a motion for reconsideration, which the court denied. Pending the outcome of that motion, Appellant brought the instant appeal raising four questions for our review:

1. Whether the Trial Court committed an error of law when it permitted Plaintiff to seek deposition testimony and production of documents protected by the attorney client privilege and work product doctrine from former in-house counsel for defendant.

2. Whether the Trial Court committed an error of law when it improperly compelled Defendant to produce deposition testimony and production of documents from non-parties over whom Defendant has no control.

3. Whether the Trial court committed an error of law when it deemed Admission No. 31 of *Plaintiff's Request for Admissions and Request for Production of Documents—Set A* admitted.

4. Whether the Trial Court committed an error of law when it permitted Plaintiff to seek the depositions of former in-house counsel for Defendant after they were untimely noticed for [sic] in violation of the Case Management Order.

Brief for Appellant at 4.

¶ 3 "The appealability of an order goes directly to the jurisdiction of the court asked to review the order." *Morgan Trailer Mfg., Co. v. Hydraroll Ltd.,* 804 A.2d 26, 29–30 (Pa.Super.2002). Therefore, we must preliminarily address whether the order in this case constitutes a collateral order appealable as of right under Pa.R.A.P. 313. The test for determining whether an order constitutes a collateral order requires a three-prong analysis to determine whether: (1)"the order was separable from the main cause of action;" (2)"the right involved was too important to be denied review;" and (3)"the claim would be irreparably lost should review be denied." *Dibble v. Penn State Geisinger*

---

1. Both of these individuals were former legal counsel for Appellant.

*Clinic, Inc.,* 806 A.2d 866, 869 (Pa.Super.2002). *See also* Pa.R.A.P. 313 (stating that "[a]n appeal may be taken as of right from a collateral order of an administrative agency or lower court" and that a collateral order is one that is "separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost").

¶ 4 In cases such as this where the order under review contains several discrete portions, we find it prudent to limit our scope of review to those portions that satisfy the foregoing test for collateral orders. Employing this scope of review, we conclude that questions three and four do not meet the collateral order test because the issues raised therein are not too important to be denied review at this stage of the proceedings and consequently, we shall not reach the merits of those issues. Regarding Appellant's first question, we conclude that although it may meet the requirements of the collateral order test, the record before us is not sufficiently developed for us to pass on the merits of Appellant's claims that the deposition testimony and documents sought are protected by the attorney client privilege and the work product doctrine. Accordingly, we do not reach the merits of this issue either. Although we have declined to review the aforementioned issues, we do so without prejudice to Appellant's right to raise these claims at some future stage of the proceedings. We are then left with the claim in question two, which, for the following reasons, we conclude satisfies the collateral order test and leads us to the conclusion that the trial

court committed legal error. For sake of clarity, we shall first address the merits of the issue and then address why we conclude it satisfies the collateral order test.

■ ¶ 5 In this question, Appellant presents the issue of whether the trial court acted beyond its authority when it ordered Appellant to produce Ms. Amerman and Ms. Goering for deposition along with the documents identified in Appellee's notices of deposition. Appellant claims that the trial court exceeded its authority in so ordering Appellant for two reasons. First, neither individual was within Appellant's control, as they are both ex-employees. And second, neither individual is a party to this action.[2] Consequently, Appellant argues that it was powerless to comply with the court's order, which Appellant claims violated the Pennsylvania Rules of Civil Procedure.

¶ 6 Pennsylvania Rule of Civil Procedure 4009.21 sets forth the proper procedure for the discovery and production of documents within the control of a nonparty. In pertinent part, the rule states the following:

**Rule 4009.21. Subpoena Upon a Person Not a Party for Production of Documents and Things. Prior Notice. Objections**

(a) A party seeking production from a person not a party to the action shall give written notice to every other party of the intent to serve a subpoena at least twenty days before the date of service. A copy of the subpoena proposed to be served shall be attached to the notice.

Pa.R.C.P. 4009.21(a).

The rule clearly requires that if the production of documents is sought from a nonparty, it must be accomplished by

---

**2.** We note that Appellee advances no argument to counter Appellant's claim that Ms. Amerman and Ms. Goering were not subject to its control because they were ex-employees.

Nor does Appellee, at any point in its brief, endeavor to rebut the argument advanced by Appellant in its second question.

means of a subpoena served on the non-party. We discussed this particular issue in *Leonard v. Latrobe Area Hosp.*, 379 Pa.Super. 243, 549 A.2d 997 (1988), where we stated:

> Appellees erred procedurally in attempting to obtain from the hospital documents which are in the hands of a third person non-party to the lawsuit. We agree with appellees that relevant documents in the hands of third persons are discoverable. However, the Civil Rules of Procedure delineate the proper discovery procedure to be used when discoverable documents are in the hands of a person not a party to the suit. Rather than request that the appellants retrieve those records in the hands of the non-parties, appellees should have attempted to have the non-parties themselves produce the records. A subpoena duces tecum or an independent action in equity against the non-parties are the methods prescribed by the Rules for obtaining such documents from nonparties.

*Id.* at 999.

¶ 7 In this case, the trial court deviated from this procedure by ordering Appellant to comply with the notices of deposition for the nonparties, Ms. Amerman and Ms. Goering. These notices "required" Ms. Amerman and Ms. Goering to appear with certain documents, a list of approximately thirty in each notice. The notices further state that the documents are to be produced pursuant to Pa.R.C.P. 4009.1. However, Rule 4009.1 governs the production of documents for *parties* to the suit, and as stated above, neither Ms. Amerman nor Ms. Goering is a party to this suit. Finally, we note that although Pa.R.C.P. 4007.1, which details the procedure for depositions, permits a notice of deposition to contain a request for production of documents, this provision applies exclusively to "a party." Pa.R.C.P. 4007.1(d)(1). There-

fore, in regards to the production of documents, the trial court erred in ordering Appellant to comply with the notices of deposition.

¶ 8 Next we examine whether the trial court erred in ordering Appellant to produce Ms. Amerman and Ms. Goering for depositions. In pertinent part, Rule 4007.1 states:

> A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action, except that no notice need be given a defendant who was served by publication and has not appeared in the action. **A party noticed to be deposed shall be required to appear without subpoena.**

Pa.R.C.P. 4007.1(a) (emphasis added). The final sentence clearly requires that a *party* who is noticed to appear for a deposition must do so without a subpoena. Thus, although the rule does not expressly state it, the implication of the final sentence is that when a party seeks to depose a nonparty, this must be achieved by means of a subpoena. Consequently, we also conclude that the trial court erred in ordering Appellant to produce Ms. Amerman and Ms. Goering for depositions.

¶ 9 Indeed, the procedural error in the instant case is demonstrated by Appellant's inability to compel the nonparties to appear and produce documents even though the court issued an order so directing Appellant. The discovery order directed Appellant to produce the nonparties; it did not order the nonparties themselves to comply. Thus, one may rhetorically ask, what is to stop the nonparties from ignoring the discovery order with impunity? Conversely, had Appellee followed the correct procedure and secured subpoenas, then by virtue of the subpoenas to the nonparties, the nonparties themselves would be required to appear for deposition

along with the requested documents. *See* Pa.R.C.P. 234.1 (stating that a "subpoena is an order of the court commanding a person to attend and testify at a particular time and place. It may also require the person to produce documents or things which are under the possession, custody or control of that person.").

 ¶ 10 We next address the issue of whether the order in this case constitutes a collateral order under Pa.R.A.P. 313. The first prong of the collateral order test requires that the order be "separable from and collateral to the main cause of action." Pa.R.A.P. 313(b). An order will be considered separable from the main cause of action if the issue contained therein may be addressed without analysis of the alleged underlying cause of action. *See Dibble*, 806 A.2d at 869. In this case, the issue is whether the trial court could order Appellant to produce its ex-employees, who were nonparties, for depositions and the production of documents when it has no control over them. The resolution of this question of law has been achieved without analysis of the underlying cause of action for personal injury. Therefore, the first prong of the collateral order test is satisfied.

¶ 11 The second prong requires that the right involved is too important to be denied review. The trial court's order requires that Appellant do something that it is powerless to accomplish. As discussed in the foregoing analysis, subpoenas rather than notices of deposition would have been the proper procedure to compel Ms. Amerman and Ms. Goering to appear for deposition and the production of documents. In this context, we conclude that the trial court's order, which directs Appellant to proceed on a basis entirely outside of the procedure for discovery established in the Pennsylvania Rules of Civil Procedure, must be reviewed.

¶ 12 The third prong requires that the claim would be irreparably lost should review be denied. In this case, after the nonparties have been deposed, the issue of whether the court has the authority to order Appellant to produce the nonparties would essentially become moot. Thus, we conclude that the order in this case satisfies the requirements of the collateral order test.

¶ 13 Order **REVERSED IN PART** and **APPEAL QUASHED IN PART**.