In the matter of: Kenneth
M. SILBERSTEIN.

Appeal from Grant of Open
Record Request.

Commonwealth of Pennsylvania, Office
of Open Records, York Township,
and Stacey MacNeal, Esquire.

Appeal of: Stacey MacNeal.

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 2010.
Decided Jan. 6, 2011.

Marc B. Kaplin, Blue Bell, for appellant.

Nathanael J. Byerly, Chief Counsel, Harrisburg, for appellee Office of Open Records.

Steven Mark Hovis, York, for appellee York Township.

BEFORE: COHN JUBELIRER, Judge, and BUTLER, Judge, and QUIGLEY, Senior Judge.

OPINION BY Senior Judge QUIGLEY.

Stacey MacNeal, Esquire, appeals from the April 5, 2010 order of the Court of Common Pleas of York County (trial court) reversing a decision of the Office of Open Records (OOR) requiring York Township to obtain certain records from York Township Commissioner Kenneth M. Silberstein stored on his personal computer and provide them to MacNeal pursuant to the Right–to–Know Law (RTKL).[1,2] We affirm.

On June 10, 2009, MacNeal requested that York Township provide: (1) Any and all electronic communications or written correspondence from Charter Homes or its representatives or legal counsel, including Charles Courtney of McNees, Wallace & Nurick to York Township or the York Township Board of Commissioners from January 1, 2009 to date; (2) Any and all electronic communications or written correspondence between Commissioner Ness and/or Commissioner Silberstein and citizens of [York] Township, including but not limited to John Bowders, in reference to Charter Homes, the TND Application known as Stonebridge, ... from January 1, 2008 to date; (3) Any and all electronic communications or written correspondence between Commissioner Silberstein and any

legal counsel other than [York] Township Solicitor regarding Charter Homes, the TND Application known as Stonebridge, ... from January 1, 2008 to present. Reproduced Record (R.R.) at 3a–4a.

On July 14, 2009, York Township, by its Open Records Officer, produced only documents/emails that were on computers under the possession and control of the township. R.R. at 6a–7a. York Township did not produce any documents/emails that were specifically on computers that were solely maintained by Commissioner Ness and/or Commissioner Silberstein and/or businesses for which they own or are employed. *Id.* York Township did not consider electronic communications between one individual Commissioner and a citizen or citizens of York Township public records as defined under the RTKL. *Id.* Therefore, York Township did not provide any such electronic communications or written correspondence. *Id.* York Township also refused to provide any electronic communications or written correspondence between Commissioner Silberstein and any legal counsel other than York Township Solicitor as not being public records and protected by the attorney client privilege. *Id.*

On July 22, 2009, the OOR received a timely appeal filed by MacNeal. R.R. at 97a–104a. The OOR did not hold a hearing; however, the OOR invited the parties to submit information and Commissioner Silberstein, Commissioner Ness and York Township filed documents and correspondence in response to MacNeal's appeal. *Id.* at 105a–157a. The OOR also accepted MacNeal's responses to said submissions and correspondence. *Id.*

---

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

2. The Office of Open Records has filed a brief of amicus curiae in support of MacNeal's

position. The Pennsylvania School Boards Association has filed a brief of amicus curiae in support of Silberstein's position.

On August 21, 2009, the OOR issued its final determination granting MacNeal's appeal. R.R. at 159a–174a. The OOR found that the records on Ness's and Silberstein's personal computers are "public records in possession of [York] Township" and required York Township to obtain the records from Commissioners Ness and Silberstein and provide them to MacNeal subject to redaction from any non-public or privileged information with appropriate identification and explanation for the redactions, if any. *Id.* The OOR pointed out that York Township did not provide any evidence that the requested records were exempt from disclosure and further stated that it was not making any determination as to whether or not any of the several grounds for redaction or denial raised by Commissioner Silberstein applied, as the records for which he was claiming an exemption or privilege had not been sufficiently identified by Commissioner Silberstein or York Township. *Id.* The OOR further determined that if MacNeal disagreed with any redactions, she could file a request for an unredacted version of the records and appeal the redactions, if necessary. *Id.*

On September 21, 2009, Silberstein appealed the OOR's final determination to the trial court.[3] R.R. at 175a–183a. Argument on the petition was held by the trial court on October 21, 2009.[4]

3. Commissioner Ness did not appeal the OOR's final determination to the trial court.

4. The trial court found that Silberstein had standing to pursue an appeal because he had a direct interest in the matter. R.R. at 399a–415a.

5. The trial court did not decide the issue of attorney client privilege due to its finding that the requested records are not public.

6. Because there is no dispute as to the facts in this case, "our review is limited to determin-

■ The trial court determined that MacNeal had the burden of proving that the records she requested on Silberstein's personal computer are "public records." *Id.* The trial court held that the OOR erred in finding that the records maintained on Silberstein's personal computer were public records because they were records of a public officer and therefore within the control of the agency. *Id.* The trial court pointed out that the plain language of the RTKL does not support such a finding because Silberstein is not a governmental entity. *Id.* The trial court determined that Silberstein has no authority to act alone on behalf of York Township, nor does he have any obligation to keep records of, let alone disclose to the public, every conversation, note, email, or telephone call in which he discusses matters pertaining to York Township. *Id.* As such, the trial court found that MacNeal failed to sustain her burden.[5] *Id.* This appeal by MacNeal followed.[6]

Herein, MacNeal raises the following issues: (1) Whether an elected official may shield public records relating to York Township activity from public access by conducting York Township affairs from a third-party email address on a personal computer; and (2) Whether the requestor seeking records pursuant to the RTKL bears the burden of establishing that the requested records constitute a "public record."[7]

ing whether the trial court abused its discretion, committed any error of law or violated any constitutional rights." *SWB Yankees LLC v. Gretchen Wintermantel*, 999 A.2d 672, 674 n. 2 (Pa.Cmwlth.2010). "The scope of review for a question of law under the [RTKL] is plenary." *Id.* (quoting *Stein v. Plymouth Township*, 994 A.2d 1179, 1181 n. 4 (Pa. Cmwlth.2010)).

7. We have reordered the issues presented in this appeal.

In support of this appeal, MacNeal argues that records in the sole physical possession of elected public officials fall within the scope of the RTKL. MacNeal contends that public officials are agency actors and are subject to York Township control.[8] MacNeal argues that interpreting the RTKL to only extend to records in the physical possession of a public agency is not only contrary to the express language of the RTKL but is also inconsistent with case law. Herein, it is York Township policy for its Commissioners to use their personal computers to conduct York Township business; therefore, the public documents located in the Commissioners' personal email accounts and on their computers are in the possession, custody and control of the local agency and subject to disclosure under the RTKL. As such, MacNeal argues that the trial court erroneously placed the burden on MacNeal to establish that the communications are public records simply because of the records physical location.

This is a case of first impression under the new RTKL [9] for this Court as to the issue of whether requested records contained on a township commissioner's personal computer are public records in the possession or control of the township. We begin by reviewing the applicable provisions of the current RTKL.[10] The term "local agency" is defined in the RTKL as any of the following:

(1) Any political subdivision, intermediate unit, charter school, cyber charter school or public trade or vocational school.

(2) Any local, intergovernmental, regional or municipal agency, authority, council, board, commission or similar governmental entity.

Section 102 of the RTKL, 65 P.S. § 67.102. Thus, there is no dispute that York Township is a local agency subject to the RTKL and, as such, required to disclose public records. Section 302 of the RTKL, 65 P.S. § 67.302.

The RTKL defines a "record" as "[i]nformation, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency." [11] Section 102 of the RTKL, 65 P.S. § 67.102. The RTKL defines a "public record" as follows: "A record, including a financial record, of a Commonwealth or local agency that: (1) is not exempt under section 708 [Exceptions for public records]; (2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or (3) is not protected by a privilege." *Id.*

---

8. In support of this appeal, MacNeal relies heavily upon this Court's decision in *Lukes v. DPW*, 976 A.2d 609, 618 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 604 Pa. 708, 987 A.2d 162 (2009). However, our decision in *Lukes* was rendered pursuant to the former version of the RTKL, which as noted herein, was repealed by the current RTKL. Therefore, our decision in *Lukes* is not controlling in this matter.

9. The new RTKL, effective January 1, 2009, repealed the former Right–to–Know Law, Act of June 21, 1957, P.L. 390, *as amended, formerly* 65 P.S. §§ 66.1–66.4.

10. As recently pointed out by this Court, "[t]he [RTKL] is remedial legislation designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions." *Bowling v. Office of Open Records*, 990 A.2d 813, 824 (Pa.Cmwlth.2010).

11. The term "record" includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or maintained electronically and a data-processed or image-processed document. Section 102 of the RTKL, 65 P.S. § 67.102.

Section 305(a) of the RTKL provides that "[a] record in the possession of a ... local agency shall be presumed to be a public record." 65 P.S. § 67.305(a). Section 901 of the RTKL provides, in relevant part, that: "Upon receipt of a written request for access to a record, an agency shall make a good faith effort to determine if the record requested is a public record, ... and whether the agency has possession, custody or control of the identified record...." 65 P.S. § 67.901.

Herein, a review of MacNeal's request reveals that the request, on its face, seeks information that documents activity of York Township through its Commissioners in connection with the business of York Township, i.e., certain applications for development projects in York Township. *See* R.R. at 3a–4a. York Township denied MacNeal's request for any emails or written correspondence contained on any computers that were solely maintained by Commissioner Silberstein because said records were not under the possession and control of York Township. York Township also did not consider electronic communications between one individual Commissioner and a citizen or citizens of York Township public records as defined under the RTKL.

■ The initial question that must be addressed is whether emails or documents on Commissioner Silberstein's personal computer are public records. As argued by both Commissioner Silberstein and The Pennsylvania School Boards Association, a distinction must be made between transactions or activities of an agency which may be a "public record" under the RTKL and the emails or documents of an individual public office holder. As pointed out by the trial court, Commissioner Silberstein is not a governmental entity. He is an individual public official with no authority to act alone on behalf of the Township.

Consequently, emails and documents found on Commissioner Silberstein's personal computer would not fall within the definition of record as any record personally and individually created by Commissioner Silberstein would not be a documentation of a transaction or activity *of* York Township, as the local agency, nor would the record have been created, received or retained pursuant to law or in connection with a transaction, business or activity *of* York Township. In other words, unless the emails and other documents in Commissioner Silberstein's possession were produced with the authority of York Township, as a local agency, or were later ratified, adopted or confirmed by York Township, said requested records cannot be deemed "public records" within the meaning of the RTKL as the same are not "of the local agency".

■ Moreover, the current RTKL has a procedure in place that puts the burden upon a local agency, through its designated open-records officer, to first make a good faith determination as to whether any requested record is in fact a "public record" and, if so, then determine whether the identified public record is within its possession, custody or control. Sections 502 and 901 of the RTKL, 65 P.S. §§ 67.502; 67.901. In making such a good faith determination of whether a requested record is a public record, the open-records officer is required, *inter alia*, to direct requests to other appropriate persons within the agency. Section 502 of the RTKL, 65 P.S. § 67.502. Therefore, this Court believes that a right-to-know request directed to a local agency, such as York Township in this case, requires that the local agency's open-records officer inquire of its public officials, such as Commissioner Silberstein in this case, as to whether the public official is in possession, custody or control of a requested record that could be deemed

public. It is then the open-records officer's duty and responsibility to determine whether the record is public, whether the record is subject to disclosure, or whether the public record is exempt from disclosure. It appears from the record as though the York Township's Open Records Officer fulfilled her duty under the RTKL when she determined that the emails and other written correspondence between Commissioner Silberstein and the citizens of York Township were not public records.

In other words, the current RTKL has effectively put forth safeguards to protect against the possibility that an agency may attempt to shield public records from disclosure by simply storing the records on a computer that is not in the physical possession or control of the agency.[12] Accordingly, we conclude that the trial court correctly held that the emails or documents requested by MacNeal that are contained on Commissioner Silberstein's personal computer are not public records subject to disclosure.[13]

The trial court's order is affirmed in accordance with the foregoing opinion.

### ORDER

AND NOW, this 6th day of January, 2011, the order of the Court of Common Pleas of York County entered in the above-captioned matter is affirmed in accordance with the foregoing opinion.

---

12. We note that Section 506(d)(1) of the RTKL provides as follows: "A public record that is not in the possession of an agency but is in the possession of a party with whom the agency has contracted to perform a governmental function on behalf of the agency, and which directly relates to the governmental function and is not exempt under this act, shall be considered a public record of the agency for purposes of this act." 65 P.S. § 67.506(d)(1). However, we conclude that Section 506(d)(1) is inapplicable to the current issue as York Township has not contracted with the Commissioners as third parties. In addition, we do not believe that Section 506(d)(1) could reasonably be construed to mean that the only time that an agency is required to provide a record that is not in its physical possession is when the agency contracts for a governmental function.

13. In light of our holding on the first issue raised herein, we need not address the second issue raised by MacNeal in this appeal.