**Charles BRESLIN, Appellant**

v.

**DICKINSON TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued March 11, 2013.

Decided May 24, 2013.

---

Cindy L. Villanella Pieret, Carlisle, for appellant.

Susan J. Smith, Camp Hill, for appellee.

BEFORE: LEADBETTER, Judge, and COHN JUBELIRER, Judge, and LEAVITT, Judge.

OPINION BY Judge COHN JUBELIRER.

Charles Breslin (Requestor) appeals from the Order of the Court of Common Pleas of Cumberland County (trial court) that denied Requestor's Petition for Review from the Final Determination of the Office of Open Records (OOR). In its Final Determination, the OOR required Dickinson Township (Township) to inquire of its employees and officials whether they were in possession of a document sought by Requestor, but declined to order the Township to make a similar inquiry of former officials or employees. Requestor argues that, under the Right–to–Know Law (RTKL),[1] the Township must inquire of former employees and officials whether they are in possession of the Township's records, particularly where the Township has established a practice of doing so in response to other requests.

On September 29, 2011, Requestor submitted to the Township's Open Records Officer (ORO) his request for "a copy of an email addressing township business currently in the possession of former Township Office Manager Robert Livingston, dated 9 February, 2006, Subject: 'Sunshine' [ (Request) ]. It is my understanding that Mr. Livingston will provide the docu-

---

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101—67.3104.

ment upon the township's request." (Request, R.R. at 22a.) On October 7, 2011, the ORO responded that the Request was not sufficiently specific, as required by Section 703 of the RTKL,[2] but that the ORO had nonetheless undertaken a search of records in the Township's custody and found no responsive record. (ORO Response at 1–2, R.R. at 24a–25a.)

On October 16, 2011, Requestor appealed to the OOR arguing that he had sufficiently identified the record requested and that Mr. Livingston indicated to the Requestor that the Township had not contacted him regarding the email. (Requestor's Appeal to OOR at 2, R.R. at 28a.) Requestor attached to his appeal a notarized declaration from Mr. Livingston, which indicated that the requested email had been copied to his personal email address and that the email, "from the defendant Edward L. Schorpp, Attorney at Law," indicated "that Supervisor Thomas Patterson had no opportunity to vote on the special personnel counsel of Campbell, Durrant and Beatty and that a public vote was taken on February 6, 2006, without Patterson's input." (Declaration of Robert O. Livingston, ¶¶ 2, 4, R.R. at 30a.) The OOR invited the parties to submit additional evidence or argument. Requestor submitted a letter explaining the back-

ground for his Request and the reasons he believed the Township might have for wishing to deny his Request.[3] Requestor also argued that documents could be public records even if they were sent and received via officials' private email addresses. (Letter from Requestor to OOR (October 25, 2011) at 5–6, R.R. at 41a–42a.) The Township submitted a letter arguing that the Request was not sufficiently specific because it did not identify the sender or recipient and that, by including more information regarding the record in his appeal to the OOR, Requestor was attempting to improperly refashion his Request on appeal. (Letter from Township to OOR (October 27, 2011) at 2–3, R.R. at 55a–56a.) The Township also stated that, despite the insufficiency of the Request, it had attempted to search for the requested email, found no responsive record in its possession, and did not believe the RTKL required it to seek the record from a former official. (Letter from Township to OOR (October 27, 2011) at 3–4, R.R. at 56a–57a.)

The OOR issued its Final Determination on November 15, 2011, and granted Requestor's appeal to the extent that the OOR ordered the Township to inquire of *current* employees and officials as to whether they were in possession of the

---

**2.** 65 P.S. § 67.703. Section 703 provides in pertinent part that a written request for records under the RTKL "should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested." Id.

**3.** From documents included in the filings by Requestor and the Township, it appears that Requestor is the plaintiff in a suit in federal court against the Township. In the course of this federal suit, the Township has objected to Requestor's attempts to elicit testimony from Mr. Livingston and the Township has sought a protective order on the grounds of attorney-client privilege. (Breslin's Br. in Federal Suit at 1, 11, 14, R.R. at 99a–101a; Order of the

U.S. District Court for the Middle District of Pa. at 1–2, R.R. at 102a–03a.) However, the Township does not raise this privilege as an exemption to the disclosure of the requested email. In addition, Requestor's co-plaintiff in the federal case attempted to obtain the same email at issue in the current matter through a RTKL request, which the Township denied and which denial the OOR affirmed. This matter dealt with the question of whether the Township had a copy of the requested email, but did not address the issue of whether the Township had a duty to seek the email from former officials. (Final Determination at 9 & n. 2); *Thompson v. Dickinson Township*, OOR Docket No. AP 2011–1150.

requested email.[4] (Final Determination at 9, R.R. at 71a.) The OOR held that the requested record was a public record because it documented business of the Township and was allegedly sent among acting Supervisors, who collectively had the authority to act on the Township's behalf. (Final Determination at 8, R.R. at 70a.) The OOR held, however, that the RTKL did not impose any requirement that the Township seek the requested email from former officials or employees. (Final Determination at 9, R.R. at 71a.) Requestor appealed the OOR's Final Determination to the trial court insofar as it did not require the Township to request the email from its former officials or employees. The Requestor also asked the trial court to assess a $1,500 penalty against the Township for denying the email in bad faith.

After filings and briefs from the parties, the trial court held argument on Requestor's appeal. The trial court issued its Opinion and Order on March 28, 2012, denying Requestor's appeal and affirming the Final Determination of the OOR. (Trial Ct. Op. at 6.) Acknowledging that Mr. Livingston had expressed a willingness to turn the record over if requested to do so by the Township, the trial court noted that while nothing in the RTKL prohibits an agency from seeking a requested record from a former official, nothing in the RTKL requires such a search either. (Trial Ct. Op. at 5.) Requestor now appeals to this Court.[5]

Before this Court, Requestor argues that the RTKL, along with this Court's precedent, requires an agency to request a public record from a former official of that agency who is in possession of such a record. Requestor argues that the Township has established a policy of seeking requested records from former employees and officials and may not choose not to do so in special cases. Requestor also asks this Court to award him attorney's fees pursuant to the RTKL.

■ We first address Requestor's argument that the RTKL, and this Court's case law, require agencies to contact third parties, including former officials of the agency, in order to locate or obtain public records in response to RTKL requests. Requestor bases this argument on Section 506(d)(3) of the RTKL. Section 506(d) of the RTKL provides:

(1) A public record that is not in the possession of an agency but is in the possession of a party with whom the agency has contracted to perform a governmental function on behalf of the agency, and which directly relates to the governmental function and is not exempt under this act, shall be considered a public record of the agency for purposes of this act.

(2) Nothing in this act shall be construed to require access to any other record of the party in possession of the public record.

(3) A request for a public record in possession of a party other than the agency shall be submitted to the open records officer of the agency. Upon a

---

4. By letter dated December 14, 2011, the Township's ORO informed Requestor that no responsive records had been found after an inquiry directed to current employees and officials. (R.R. at 96a.)

5. "This Court's scope of review from a decision of a trial court in a case under the RTKL is 'limited to determining whether findings of fact are supported by competent evidence or whether the trial court committed an error of law, or an abuse of discretion in reaching its decision.'" *Mollick v. Township of Worcester*, 32 A.3d 859, 869 n. 16 (Pa.Cmwlth.2011) (quoting *Kaplin v. Lower Merion Township*, 19 A.3d 1209, 1213 n. 6 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 612 Pa. 693, 29 A.3d 798 (2011)).

determination that the record is subject to access under this act, the open records officer shall assess the duplication fee established under section 1307(b) and upon collection shall remit the fee to the party in possession of the record if the party duplicated the record.

65 P.S. § 67.506(d). Requestor argues that this provision requires that, when an agency determines that a public record is in the possession of a third party, the agency must contact that party in order to obtain the record. However, in context with the remainder of Section 506(d), Section 506(d)(3) provides a mechanism whereby records obtainable as public records of a party performing a governmental function for an agency under contract may be disclosed under the RTKL through an agency, subject to a copying fee to be remitted to the party. Section 506(d)(1) makes records that directly relate to a governmental function performed on behalf of an agency by a contracted party public records of that agency. The plain language of Section 506(d)(3) does not provide a mandate for disclosure independent of Section 506(d)(1), but instead provides the process or procedure through which records defined as public records by Section 506(d)(1) may be obtained and disclosed. Indeed, this is the context in which this Court has applied Section 506(d) in previous cases. *See, e.g., Allegheny County Department of Administrative Services v. Parsons*, 61 A.3d 336, 340 (Pa.Cmwlth.2013) ("Section 506(d) may reach records that are not in an agency's possession, custody or control *provided* the third party in possession has a contract with the agency to perform a governmental function, *and* the information directly relates to the performance of that function." (first emphasis added)); *Buehl v. Office of Open Records*, 6 A.3d 27, 30 (Pa.Cmwlth.2010) ("In order for third-party records to be considered public records

of the Department under the RTKL, they must be in the possession of the contracting party and must 'directly relate to the governmental function.'" (quoting Section 506(d)).).

Requestor also argues that this Court's case law interpreting the RTKL requires the Township to seek an email relating to Township business from its former office manager. Requestor asserts that in both *Barkeyville Borough v. Stearns*, 35 A.3d 91 (Pa.Cmwlth.2012), and *Mollick v. Township of Worcester*, 32 A.3d 859 (Pa.Cmwlth. 2011), this Court held that it is the nature of emails that determines whether they must be disclosed, regardless of whether the emails were received or transmitted using officials' personal email accounts. In order to address this argument, an examination of these cases is required.

This is the latest in a line of cases dealing with the circumstances under which records in the possession of an individual must be disclosed under the RTKL as public records of an agency. In *In re Silberstein*, 11 A.3d 629, 630 (Pa.Cmwlth. 2011), this Court was faced with an appeal involving a denial by York Township for emails on a township commissioner's personal computer that were sent between the commissioner and any citizen of York Township. In resolving this issue, our Court looked to the provisions of the RTKL defining a "record" for the purposes of the RTKL and delineating the duties of an agency in response to a request. *Id.* at 632–33. Section 102 of the RTKL defines a "record" as "[i]nformation, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency." 65 P.S. § 67.102. Section 305(a) of the RTKL provides that "[a] record in the possession of a ... local

agency shall be presumed to be a public record." 65 P.S. § 67.305(a). Applying these provisions, this Court held that records of an individual commissioner were not necessarily records of the township because the commissioner did not, himself, have the authority to act on behalf of the township. *In re Silberstein,* 11 A.3d at 633. "[U]nless the emails and other documents in Commissioner Silberstein's possession were produced with the authority of York Township, as a local agency, or were later ratified, adopted or confirmed by York Township, said requested records cannot be deemed 'public records' within the meaning of the RTKL. . . ." *Id.* Thus, this Court held that these records were not subject to disclosure. *Id.* at 634.

Later, in *Mollick,* this Court distinguished *In re Silberstein* when confronted with a request for emails that might have been transmitted between a majority of the Worcester Township's three supervisors. *Mollick,* 32 A.3d at 872. Referring to the same provisions of the RTKL referenced above, this Court held that the key question in determining whether an email was a public record was whether it documented business of the township, not whether it was transmitted using a township computer or email address:

> regardless of whether the Supervisors herein utilized personal computers or personal email accounts, if two or more of the Township Supervisors exchanged emails that document a transaction or activity of the Township and that were created, received, or retained in connection with a transaction, business, or activity of the Township, the Supervisors may have been acting as the Township, and those emails could be "records" "of the Township."

*Id.* Citing Section 901 of the RTKL, which provides that in response to a request for records, "an agency shall make a good faith effort to determine if the record requested is a public record . . . and whether the agency has possession, custody or control of the identified record," 65 P.S. § 67.901, this Court held that the township's open records officer was required to inquire of the supervisors whether they were in possession of the requested emails. *Mollick,* 32 A.3d at 874 (citing In *re Silberstein,* 11 A.3d at 633–34). The factual question of whether the records were in the possession, custody, or control of the township by virtue of being in the possession of its supervisors was a matter which this Court remanded to the township's open records officer. *Id.* at 875.

Finally, in *Barkeyville,* this Court further clarified the duties of an agency with respect to agency records in the possession of individuals. In *Barkeyville,* the borough at issue told a requestor that it did not have any responsive records to a request for emails between borough council members when it searched the records in its possession and received no response from the council members when the open records officer asked the council members if they possessed such correspondence. *Barkeyville,* 35 A.3d at 93. This Court held that the key question at issue was not whether the emails were in the borough's physical possession, but whether they were subject to the borough's control. *Id.* at 96. Thus, pursuant to Section 901 and *Barkeyville,* when an open records officer receives a request for records, he or she must make a good faith effort to determine whether: (1) the record is a public record; and (2) the record is in the possession, custody, *or control* of the agency. In *Barkeyville* and *Mollick* this Court held that a record is in the control or constructive possession of an agency when it is in the possession of one of the agency's officials. *Barkeyville,* 35 A.3d at 96, *Mollick,* 32 A.3d at 874–75.

■ In this case, the Township has established that the email is not in its possession, custody, or control. Requestor argues that the email is in the Township's control merely because Mr. Livingston has averred that he would provide it to Requestor at the Township's request. However, in the context of discovery, the Superior Court has held that documents in the possession of the former employees of a party are not in the "possession, custody, or control" of the party. *Barley v. Consolidated Rail Corporation*, 820 A.2d 740, 744–45 (Pa.Super.2003) (quoting Pa. R.C.P. No. 234, defining a subpoena as "an order of the court commanding a person to attend and testify at a particular time and place. It may also require the person to produce documents or things which are under the *possession, custody or control* of that person." (emphasis added)). Requestor has not demonstrated that Mr. Livingston would have any *duty* to turn over the requested email and a holding finding such email in the agency's control raises the question of how an agency would compel such cooperation by persons no longer associated with it. As the Superior Court noted in *Barley*, ordering a party to produce documents in the possession of a nonparty raises the question, "what is to stop the non[-]parties from ignoring the discovery order with impunity?" *Id.* at 744. Because the email at issue here is not in the Township's possession, custody, or control, and is not in the possession of a party who has been shown to be contracted by the Township to perform a governmental function, the Township has no obligation under the RTKL to obtain or disclose the email.

■ Finally, we address Requestor's argument that, because the Township has established a practice of seeking records from former employees and officials in other cases, it may not pick and choose not when to make such inquiries. Requestor points out that the Township inquired of its former solicitor whether he had the requested email at issue in this appeal in response to a prior RTKL request.[6] We first note that the record in this matter contains evidence of, at most, only two instances[7] in which the Township has sought records from former officials or employees; we do not believe this is sufficient to show an established practice of seeking records from former employees or officials. Moreover, while the RTKL does not require the Township to seek requested documents from former employees or officials, nor does it forbid it. Requestor points to no authority for his assertion that, because the Township has done so in a limited number of prior cases, it must continue to do so in perpetuity. We, therefore, reject this argument.

For these reasons, we affirm the Order of the trial court.[8]

6. We point out that a solicitor, as an attorney, may have continuing duties to an agency as a former client even after his representation of the agency ends. For example, a solicitor who retains records of an agency after the conclusion of his representation may have duties to supply such information to the agency upon request that a former official or employee would not have. Thus, this example does not necessarily support Requestor's position.

7. Requestor also points to an email from the ORO to certain individuals inquiring whether they are in possession of certain emails in response to a RTKL request. (Email from ORO, (May 20, 2011), R.R. at 74a.) It is not clear from the email, however, whether these individuals are current or former employees or officials of the Township.

8. Due to our holding on this issue, we do not reach Requestor's argument that he should be awarded attorney's fees. Section 1304 of the RTKL, 65 P.S. § 67.1304, only permits the award of attorney's fees where a court reverses an ORO's response or grants access to a record after a request was denied.

## ORDER

NOW, May 24, 2013, the Order of the Court of Common Pleas of Cumberland County in the above-captioned matter is hereby **AFFIRMED.**