IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clearfield County :
: No. 2204 C.D. 2015
v. : Argued: June 6, 2015
:
Bigler Boyz Enviro, Inc. :
and Pennsylvania Office :
of Open Records :
:
Appeal of: Bigler Boyz Enviro, Inc. :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION BY JUDGE WOJCIK                      FILED: July 28, 2016


Bigler Boyz Enviro, Inc. (BBE) appeals from the October 12, 2015 order of the Court of Common Pleas of Clearfield County (trial court) reversing a final determination of the Office of Open Records (OOR). The trial court held that handwritten notes made by Clearfield County Commissioner Joan Robinson McMillen concerning two unsolicited telephone calls she received from private individuals were not "records" as defined by section 102 of the Right-to-Know Law (RTKL), Act of February 14, 2008, P.L. 6, 65 P.S. §67.102. We affirm.

The Pennsylvania Hazardous Materials Emergency Planning and Response Act (Act)[1] requires each county to have a hazardous material response team (HAZMAT response team) certified by the Pennsylvania Emergency Management Agency (PEMA). Under the Act and PEMA regulations, a county

---

[1] Act of December 7, 1990, P.L. 639, *as amended*, 35 P.S. §§6022.101-6022.307.

may only have one primary HAZMAT response team, which must have an agreement with the county it serves. Pursuant to an existing three-year contract dated June 7, 2013, Eagle Towing & Recovery, Inc. (Eagle) is Clearfield County's primary HAZMAT response team.

At the County Commissioners' April 14, 2015 public meeting, BBE proposed that it replace Eagle as the County's primary HAZMAT response team. A motion was passed to table consideration of BBE's request until the Commissioners' April 28, 2015 meeting, and the request was listed on the agenda for the April 28th meeting as "old business."

In the interim, the Commissioners received correspondence concerning BBE's proposal from the Sandy Township Fire Department, Lawrence Township Volunteer Fire Company #1, and William C. Kriner, Esq. Additionally, Commissioner McMillen, Chair of the Board of Commissioners, received two unsolicited telephone calls at her Commissioner's office from private individuals regarding replacing Eagle with BBE. She made handwritten notes of those calls consisting of one page.

At the Commissioners' April 28th meeting, when the agenda item of "old business" was reached, Commissioner McMillen asked if there was a motion on BBE's request. No motion was made. After pausing for discussion and receiving none, Commissioner McMillen moved to new business.

On April 29, 2015, BBE filed a RTKL request (Request) with Clearfield County Right-to-Know Officer Marianne Sankey. In relevant part, the Request sought the following: "All records, writings, documents and communications in the possession of the Clearfield County Board of

2

Commissioners regarding consideration of [BBE] as a HAZMAT vendor in Clearfield County, Pennsylvania." (Findings of Fact Nos. 1-2.)

In accordance with Section 901 of the RTKL, 65 P.S. §67.901, Ms. Sankey asked each Commissioner to identify any records that fell within the Request. Commissioners John Sobel and Mark McCracken replied that neither had anything responsive to the Request. Commissioner McMillen advised that she had nothing responsive except for one page of handwritten notes concerning two unsolicited telephone calls from private individuals, which she made between April 14, 2015, and 28, 2015.

Ms. Sankey responded to BBE's Request on May 5, 2015, as follows:

This is in response to your itemized request:

1. The request for records as stated is too broad, non-specific, unlimited as to time and vague to reasonably permit identification of all public records ". . . regarding consideration of [BBE] as a HAZMAT vendor . . ." by the Clearfield County Board of Commissioners presently or in the past. Notwithstanding and without limiting the foregoing, inquiry has been made by the Clearfield County Open Records Officer of the Clearfield County Board of Commissioners regarding public records within the request during the period of April 14, 2015 thru April 28, 2015. After the April 14, 2015 meeting of the Clearfield County Board of Commissioners and in apparent reaction to media reports of the Board's potential consideration of [BBE] as Clearfield County's primary HAZMAT responder replacing Eagle Towing & Recovery, Inc., the Board of Commissioners received written communications from the Sandy Township Fire Department, Lawrence Township Volunteer Fire Company #1 and William C. Kriner, Esquire. Copies of these written correspondences received are enclosed and marked as #1. In addition, individual Commissioners received various contacts from individuals opposing contracting with [BBE] and/or commending [Eagle]

3

and/or opposing replacement of [Eagle] with [BBE]. The request for all "communications" as defined on Exhibit A of the request exceeds the definition of "record" under the [RTKL]. Moreover, any public records in existence regarding "inquiries, discussions, conversations . . . telephone conversations [ . . . ] are exempt from public access as 1) internal, predecisional deliberations of an agency, its members, employees or officials . . ." (RTKL Section 708(B)(10)(i)(l) or 2) material, notes, correspondence, reports regarding complaints submitted to the Commissioners and/or investigations by the individual Commissioners on their respective positions on the request by [BBE] to become the primary HAZMAT provider for Clearfield County (Section 708(b)(17)(i)(ii)).

[Items 2, 3, 4, and 6 are granted and provided. Item 5 is omitted; the minutes of the Commissioners' April 28, 2015 meeting have not yet been approved and can be requested after the Commissioners' May 12, 2015 meeting.].

Appellant's brief, Appendix D. Upon advice of counsel, access to Commissioner McMillen's notes was denied. (Finding of Fact No. 7.)

BBE appealed to the OOR. Neither party requested a hearing, but both parties submitted additional information, including a supplemental statement made under penalty of perjury by Commissioner McMillen.[2] The OOR first

---

[2] Commissioner McMillen attested as follows:

My notes consist of one (1) page and consist of my recollection and recording of two (2) unsolicited contacts I received from two (2) private individuals which include complaints they made to me regarding their past experiences with [BBE] and included their opinions on the advisability of terminating the County's contract with Eagle and replacing it with [BBE] as the County's primary HAZMAT responder.

**(Footnote continued on next page…)**

4

concluded that the Request was sufficiently specific as evidenced by the County's response. The OOR next considered that Section 102 of the RTKL defines a "record" as "information, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency." 65 P.S. §67.102. The OOR concluded that the Commissioners' decision not to take action on BBE's request for consideration as a HAZMAT vendor was an activity of the County in itself; therefore, any records created, received or retained in connection with the failure to act on BBE's proposal were records of the County.

The OOR also rejected the County's arguments that the records are exempt under Section 708(b)(10) of the RTKL, 65 P.S. §67.708(b)(10), as reflecting the internal pre-decisional deliberations between agency members or employees, or under Section 708(b)(17) of the RTKL, 65 P.S. §67.708(b)(17), as related to a non-criminal investigation. Accordingly, the OOR granted the appeal and ordered the County to provide all records responsive to Item 1 of the Request within 30 days.

The County appealed to the trial court, which conducted a *de novo* hearing on August 24, 2015. During her testimony, Commissioner McMillen stated that she reviewed the Request with Ms. Sankey and they considered the one

---

**(continued…)**

> In partial reaction to the complaints I received, I also sought out information from other sources which are not reflected in my notes but which I considered prior to the April 28 meeting.

(OOR opinion at 7.)

5

page of handwritten incomplete sentences and scribblings McMillen made concerning the two phone calls. She said her notes included the identities of the callers, who were critical of replacing Eagle with BBE. McMillen said she did not want to disclose the notes because she believed her constituents expected and deserved confidentiality in expressing their opinions. She explained that the callers were fearful of retaliation against them from BBE. R.R. at 104-07. She also testified that Eagle was certified by PEMA and BBE was not.

McMillen testified that she received the two phone calls in her office; she did not share her notes with the other Commissioners and they did not influence her position on this issue. She said that she had already noted on the record that BBE was not certified and that the County had a longstanding relationship with Eagle, which had provided excellent service. In other words, she said, her decision had already been made and the calls had absolutely no influence on her position. (R.R. at 118.)

McMillen stated that a motion to pursue a contract with BBE was made at the April 14th meeting and died for lack of a second; a subsequent motion to table any decision until the Commissioners' next meeting was passed. McMillen testified that, in apparent response to media reports, the Commissioners received letters from the Sandy Township Fire Department, Lawrence Township Volunteer Fire Company #1, and William C. Kriner, Esq. regarding the issue, with the firefighters expressing strong objection to a contract with BBE. McMillen also referenced a pending lawsuit against the County filed by BBE, and she noted that BBE rejected the suggestion to become a secondary HAZMAT provider. (R.R. at 135-37.) She added that both of the other Commissioners had taken a tour of BBE's facility between the two meetings. According to McMillen, the matter was

6

listed as old business on the agenda for the April 28th meeting; she asked for a motion; and no motion was made. Moreover, there was no discussion or deliberation of the matter at that meeting.

The trial court's pertinent findings include the following. Commissioner McMillen believed that the callers intended their calls to be held in confidence out of fear of retribution by BBE. She did not share the content of those calls or her notes with the other Commissioners. The content of the calls did not affect Commissioner McMillen's position on BBE's request. Eagle has the required PEMA certification and has been the County's primary HAZMAT provider for as long as McMillen has been a Commissioner. BBE does not have PEMA certification. Prior to receiving the phone calls, Commissioner McMillen had made a firm and final decision that she would not support BBE's request. As a result, she did not travel with the other Commissioners to BBE's facility prior to the April 28th meeting. (Findings of Fact Nos. 20-25.)

Based on the findings summarized above, and relying on this Court's decisions in *In re Silberstein*, 11 A.3d 629 (Pa. Cmwlth. 2013), and *Easton Area School District v. Baxter*, 35 A.3d 1259 (Pa. Cmwlth. 2012), the trial court concluded that Commissioner McMillen's notes do not document a transaction, business or official activity of Clearfield County and no relevant transaction, business or activity of the County occurred at the April 28th meeting. The trial court reasoned that the RTKL must be read in *pari materia* with the Sunshine Act,[3] which requires that official agency action be taken at a public meeting, and noted that no official action was taken regarding BBE's proposal. The trial court

---

[3] 65 Pa.C.S. §§701-716.

emphasized that McMillen did not share her notes with her fellow Commissioners and that they did not influence her position on BBE's proposal.

The trial court further opined that disclosure of the notes would violate public policy, citing our analysis in *Department of Health v. Office of Open Records*, 4 A.3d 803 (Pa. Cmwlth. 2010) (addressing the non-criminal investigation exemption at Section 708(b)(17)). The trial court also concluded that the notes would be exempt under Section 708(b)(12) of the RTKL, the "personal use" exemption.

Thus, the trial court reversed OOR's final determination and subsequently dismissed BBE's request for reconsideration. BBE now appeals to this Court.[4]

BBE first argues that the trial court erred in holding that the notes created by Commissioner McMillen do not document a transaction, business, or activity of the County and therefore were not public records for purposes of the RTKL.

Section 102 of the RTKL defines a "record" as

Information, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency. The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or

---

[4] Our scope of review is limited to determining whether the trial court committed an error of law or an abuse of discretion or whether its findings of fact are supported by competent evidence. *Kaplin v. Lower Merion Township,* 19 A.3d 1209, 1213 n.6 (Pa. Cmwlth. 2011). Our scope of review of a question of law under the RTKL is plenary. *Stein v. Plymouth Township*, 994 A.2d 1179, 1181 n.4 (Pa. Cmwlth. 2010).

8

maintained electronically and a data-processed or image-processed document.

65 P.S. §67.102.

BBE argues that, in creating the notes of the telephone calls, Commissioner McMillen was acting in her official capacity. BBE asserts that *Silberstein* is distinguishable and does not support the trial court's decision.

In *Silberstein*, the requester submitted a RTKL request to a township asking for: (1) electronic communications or written correspondence from a particular business, or its representatives or legal counsel, to the township or any of its commissioners from January 1, 2009; (2) any electronic communications or written correspondence between township commissioners and township citizens in reference to a specific matter; and (3) any electronic communications or written correspondence between Commissioner Silberstein and any legal counsel other than the township solicitor regarding the same matter.

The township's open-records officer produced only documents and emails that were on the township's computers and did not produce any documents or emails that were on computers solely maintained by the commissioners and/or businesses that they owned or worked for. The township did not consider electronic communications between one individual commissioner and a citizen of the township to be public records as defined by the RTKL and did not produce such correspondence. The township also refused to provide any electronic communications or written correspondence between Commissioner Silberstein and any legal counsel other than the township solicitor on the basis that they were not public records and were protected by the attorney client privilege.

The requester appealed to OOR, which granted the appeal, and Silberstein appealed OOR's final determination to the trial court. The trial court

9

concluded that OOR erred in determining that records maintained on Silberstein's personal computer were public records solely on the basis that they were records of a public officer and, therefore, within the control of the agency. The trial court reasoned that the plain language of the RTKL did not support such a finding because Silberstein was not a governmental entity. The trial court explained that Silberstein had no authority to act alone on the township's behalf, and he had no obligation to keep records of, let alone disclose to the public, every conversation, note, email, or telephone call in which he discussed matters pertaining to the township. Thus, the trial court held that the requester failed to sustain her burden proving that the records she sought were public records.

> The requester appealed to this Court, and we affirmed, concluding:
>
> The initial question that must be addressed is whether emails or documents on Commissioner Silberstein's personal computer are public records. As argued by both Commissioner Silberstein and The Pennsylvania School Boards Association, a distinction must be made between transactions or activities of an agency which may be a "public record" under the RTKL and the emails or documents of an individual public office holder. As pointed out by the trial court, Commissioner Silberstein is not a governmental entity. He is an individual public official with no authority to act alone on behalf of the Township.
>
> Consequently, emails and documents found on Commissioner Silberstein's personal computer would not fall within the definition of record as any record personally and individually created by Commissioner Silberstein would not be a documentation of a transaction or activity of York Township, as the local agency, nor would the record have been created, received or retained pursuant to law or in connection with a transaction, business or activity *of* York Township. *In other words, unless the emails and other documents in Commissioner Silberstein's possession were produced with the authority of York Township, as a local agency, or were later*

10

> *ratified, adopted or confirmed by York Township, said requested records cannot be deemed "public records" within the meaning of the RTKL as the same are not "of the local agency".*

*Silberstein*, 11 A.3d at 633 (emphasis added).

Here, as in *Silberstein*, Commissioner McMillen's notes were not "produced with the authority of" the County or later "ratified, adopted or confirmed by" the County; consequently, those notes are not "of the local agency," and they cannot be deemed public "records" within the meaning of the RTKL.

BBE contends that this case is factually distinguishable from *Silberstein* because Commissioner McMillen made the notes in her official capacity. According to BBE, the Court based its decision in *Silberstein* on the personal nature of the emails and their location on a personal computer of the local agency employee to determine that the employee did not create the documents in his official capacity as a county commissioner. However, in making this argument, BBE misapprehends the Court's holding. ("unless the emails and other documents in Commissioner Silberstein's possession were produced with the authority of York Township, as a local agency, or were later ratified, adopted or confirmed by York Township . . . .") *Silberstein,* 11 A.3d at 633.

BBE's reliance on *Baxter* is similarly misplaced. In that case, the requestor sought all emails sent from and received by the email addresses of nine school board members, a school district superintendent, and the general school district for a one-month period. We held that the character of the emails, rather than their location on an agency-owned computer, was dispositive:

> We agree with those cases [holding] that emails should not be considered "records" just because they are sent or received using an agency email address or by virtue of their location on an agency-owned computer, even where, as here, the agency has a policy limiting use of

11

computers to official business and stating that users have no expectation of privacy. That is so because a record is "information...that documents a transaction or activity of an agency," and personal emails that do not do so are simply not records.

While emails located on an agency-owned computer are not presumptively records of the agency simply by virtue of their location, *emails that document the agency's transactions or activities are records*.

*Id.* at 1264 (emphasis added).

Citing *Barkeyville Borough v. Stearns*, 35 A.3d 91 (Pa. Cmwlth. 2012), we also stated that, "[w]hile an individual school member lacks the authority to take final action on behalf of the entire board, that individual acting in his or her official capacity, nonetheless, constitutes agency activity when discussing agency business." *Baxter*, 35 A.3d at 1264. *Stearns* concerned emails between individual council members, via personal computers, discussing borough business, specifically, the borough's consideration of land development plans. ("The land development plans are evidenced through the email content." *Id.* at 95.) In contrast, Commissioner McMillen did not discuss or otherwise share the information contained in her notes with the other Commissioners.

In *Pennsylvania Office of Attorney General v. The Philadelphia Inquirer*, 127 A.3d 57 (Pa. Cmwlth. 2015), we again emphasized that in order to constitute a "record" under the RTKL, information must document a transaction or activity of the agency.

The requirement that an email must document a "transaction or activity of the agency" is essential for a record to be a public record. This is illustrated by our decision in *Mollick v. Township of Worcester,* 32 A.3d 859 (Pa. Cmwlth. 2011). In that case, we held that notwithstanding the fact that the emails were sent on personal computers using personal email addresses and

12

on personal time, nonetheless, the emails sent between township supervisors were "records" under the RTKL because those records documented a transaction or activity of the township. What makes an email a "public record," then, is whether the information sought documents an agency transaction or activity, and the fact whether the information is sent to, stored on or received by a public or personal computer is irrelevant in determining whether the email is a "public record."

*Id.* at 62.

We believe that the County accurately characterizes the notes at issue as documenting citizen input, which was communicated to an individual commissioner, who did not rely on the information to make a decision, who did not share the notes or their contents with other Commissioners, and who was not authorized to speak for or bind the County regarding a proposal that was never acted upon. Given these facts, and applying our holdings in *The Philadelphia Inquirer*, *Silberstein*, *Stearns*, and *Baxter*, we conclude that the notes in this instance are not "[i]nformation . . . that documents a transaction or activity of an agency [that were] created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency." 65 P.S. §67.102. Because the notes do not document an agency transaction or activity, the trial court properly concluded that the notes do not fall within the RTKL's definition of public record.[5]

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

---

[5] Having concluded that the notes are not public records, we need not address whether the notes are exempt under Section 708 of the RTKL.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Clearfield County | : | |
| | : | No. 2204 C.D. 2015 |
| v. | : | |
| | : | |
| Bigler Boyz Enviro, Inc. | : | |
| and Pennsylvania Office | : | |
| of Open Records | : | |
| | : | |
| Appeal of: Bigler Boyz Enviro, Inc. | : | |

O R D E R

AND NOW, this 28th day of July, 2016, the order of the Court of Common Pleas of Clearfield County, dated October 12, 2015, is affirmed.

_____

MICHAEL H. WOJCIK, Judge