Mecca EL

v.

**James Scott MURZYN and the City of Philadelphia.**

**Appeal of: James Scott Murzyn.**

Superior Court of Pennsylvania.

Argued March 11, 2003.
Filed Aug. 25, 2003.

John R. Brown, Philadelphia, for appellant.

David S. Katz, Norristown, for appellee.

BEFORE: DEL SOLE, P.J., GRACI and BECK, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 James Murzyn appeals from the judgment entered against him upon praecipe of Appellee pursuant to Pa.R.C.P. 227.4(1)(b) in this personal injury case. Upon review, we vacate the judgment and remand the case for a new trial.

¶ 2 On November 11, 1992, Mecca El, (Appellee), on her way home from work, was attempting to catch a bus at its stop at 52nd Street and Haverford Avenue in Philadelphia. In doing so, she crossed from the north corner of 52nd Street and Haverford Avenue onto a pedestrian island between lanes. A large pile of dirt and gravel, approximately five feet high and fifteen feet across, blocked one of the lanes which Appellee intended to cross. The pile of dirt and gravel was created as a result of excavation work done by the City Water Department. This pile of rubble obstructed Appellee's view of oncoming traffic. After looking for oncoming traffic, and believing that no vehicles were approaching, Appellee stepped off the island and was struck by Appellant's van.

¶ 3 Appellee filed suit against the City of Philadelphia and Appellant Murzyn. Appellee claimed personal injuries as a result of the accident. Murzyn filed a cross-claim against the City of Philadelphia.

¶ 4 Prior to trial, the City settled with Appellee but remained a defendant for

cross-claim and comparative negligence purposes. Following a jury trial, a verdict for Appellee was rendered, allocating 55% responsibility to Murzyn, 40% responsibility against City of Philadelphia, and 5% contributory negligence on the part of Appellee. The trial court granted Appellee's motion for delay damages.

¶ 5 Murzyn filed a motion for post-trial relief. The trial court failed to timely rule on this motion, and after 120 days had elapsed, Appellee filed a praecipe for judgment on the verdict pursuant to Pa.R.C.P. 227.4(1)(b). On July 18, 2002, judgment was entered on the verdict. Murzyn filed this appeal.

■ ¶ 6 Appellant first argues that the trial court erred in precluding admission of the deposition testimony of Lawrence Robinson. Appellant's Brief at 18. We agree.

¶ 7 Mr. Robinson was a supervisor with the Philadelphia Water Department. There is no dispute that Robinson appeared for a pre-trial deposition in response to Murzyn's notice of deposition to the City seeking a corporate designee of the City's Department of Streets. Murzyn sought to introduce this deposition testimony at trial in support of his cross-claim against the City and for purposes of establishing the excavation work the City was performing at Haverford Avenue and 52nd Street, where the accident occurred. *Id.* Appellant asserts that this testimony is necessary to establish his cross-claim against the City and establish the City's primary culpability for the accident. *Id.* at 19.

¶ 8 Upon motion of Appellee, the trial court precluded admission of this deposition testimony at trial on the basis that the deposition testimony did not meet the criteria of Pa.R.C.P. 4020, which allows the use of a deposition at trial. Trial Court Opinion, 10/31/02, at 13. The trial court determined that Appellant failed to estab-

lish that Robinson was designated by the City as an agent or officer, and that there was no evidence that Robinson was unavailable to testify at trial. *Id.*

¶ 9 Rule 4020 of the Pennsylvania Rule of Civil Procedure provides, in relevant part, as follows:

Rule 4020. Use of Depositions at Trial

(a) At the trial, any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had notice thereof if required, in accordance with any one of the following provisions:

(1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of a deponent as a witness, or as permitted by the Pennsylvania Rules of Evidence.

(2) The deposition of a party or of any one who at the time of taking the deposition was an officer, director, or managing agent of a party or a person designated under Rule 4004(a)(2) or 4007.1(e) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party, may be used by an adverse party for any purpose.

Pa.R.C.P. 4020. Rule 4007.1(e) provides:

A party may in the notice and in a subpoena, if issued, name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters to be inquired into and the materials to be produced. In that event, the organization so named shall serve a designation of one or more officers, directors, or managing agents, or other person who

consent to testify on its behalf, and may set forth, for each person designated the matters on which each person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The person or persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (e) does not preclude taking a deposition by any other procedure authorized in these rules.

Pa.R.C.P. 4007.1(e).

¶ 10 Here, Appellant issued a notice of deposition which named the City of Philadelphia as the deponent. The City produced Robinson in response to this notice of deposition, thereby designating him as a managing agent. Robinson was employed by the City and had knowledge of the excavation work done by the City at the site of the accident and testified to those facts at the deposition.

¶ 11 The term "managing agent" as used in Pa.R.C.P. 4020(a) and 4007.1(e) should not be interpreted too literally. Whether a person is a managing agent "is to be answered pragmatically on an ad hoc basis." *Rivera v. Philadelphia Theological Seminary of St. Charles Borromeo, Inc.*, 326 Pa.Super. 509, 474 A.2d 605, 616 (1984), *modified on other grounds,* 510 Pa. 1, 507 A.2d 1 (1986). This Court has held that where an individual's interests are identified with those of his principal, and the nature of the individual's functions, responsibilities and knowledge pertain to the subject matter of the deposition and litigation, that individual is an appropriate "managing agent" and his deposition may be introduced at trial, pursuant to Pa. R.C.P. 4020(a)(2). *Id.* Here there was no burden on Appellant to establish that Robinson was unavailable to testify at trial. Robinson was designated by the City as a managing agent, pursuant to Pa.R.C.P.

4007.1(e). Robinson had knowledge of the subject of the litigation, specifically the City's excavation work at the site of the accident. Accordingly, under Pa.R.C.P. 4020(a)(2), Robinson's deposition was admissible at trial, to be used for any purpose.

¶ 12 Furthermore, Appellant was potentially prejudiced by preclusion of this evidence. This evidence, regarding the City's involvement in causing the accident, can impact the outcome of this case. Thus, the trial court erred in precluding admission of this evidence at trial.

¶ 13 Because our analysis on the above issue results in disposition of this case, we decline to address the remaining issues. We do note, however, our puzzlement regarding the trial court's flat refusal, in considering Appellant's motion for nonsuit, to accept cases older than ten years. In its opinion, the trial court stated that:

> Courts have a duty to ensure that case-law is current and with the large number of cases entering and leaving the system every year, it is not unreasonable to ask for current caselaw to be provided by the moving parties. This Court and the plaintiff found caselaw only four years old.

Trial Court Opinion, 10/31/02, at 25. It appears that the trial court did not reject this proffered precedent on the basis that it was no longer good. Rather, the trial court preferred to have more recent cases presented to it and accordingly dismissed the cases, while apparently still good law, that were over ten years old. We find this action to be an abuse of discretion.

¶ 14 This Court has had purpose to address, on another occasion, a trial court's minimization of a case by labeling it an "outdated and questioned decision." In response, the Superior Court stated:

At the outset, be it known that, regardless of the vintage of a case or its attack by legal scholars in their erudite treatises on the state of the law, in the final analysis it is for the highest court in this jurisdiction to decide when and to what extent, if any, a case has lost its vibrancy so as to signal its demise. No trial court is to usurp this function under the guise of changes presaged by the winds of judicial time, marked by the shifting tides of legal thinking.

*Mohn v. Hahnemann Medical College & Hospital,* 357 Pa.Super. 173, 515 A.2d 920, 922 (1986). In effect, the trial court's policy of accepting cases only ten years old or younger, has limited the precedence of cases older than ten years. We find no authority on behalf of the trial court to enable it to make this determination. Without evidence of cases no longer being good law, we find that the trial court abused its discretion in flatly refusing all cases older than ten years.

¶ 15 Judgment vacated. Case remanded for new trial. Jurisdiction relinquished.