NEALON, J.,
ORDER
Defendant, Wells Fargo Bank, N. A. (“Wells Fargo”), has filed a de novo appeal of the special trial master’s order of March 12, 2015, requiring three out-of-state employees of Wells Fargo to appear in Lackawanna County for discovery depositions in this matter. (Docket entry no. 63). The gravamen of Wells Fargo’s appeal is that the out-of-state employees are not parties for purposes of Pa.R.C.P. 4007.1(a), and as such, they must be served with subpoenas by plaintiffs, Colleen Healey and Paul Healey (“the Healeys”), in order to be deposed. (Id. at ¶¶ 3, 5-8, 17-20). The Healeys counter that subpoenas are unnecessary since Rule 4007.1(a) provides that “[a] party noticed to be deposed shall be required to appear without subpoena,” and the proffered deponents “are parties to the instant action for purposes of Pennsylvania Rule of Civil Procedure 4007.1(a).” (Docket entry no. 65 at pp. 4-5).
The Healeys commenced this action against Wells Fargo seeking to recover damages based upon Wells Fargo’s failure to offer the Healeys a permanent loan modification agreement after they successfully completed a trial period plan under the Home Affordable Modification Program *217 (HAMP) in which they participated after Ms. Healey was compelled to take a temporaiy medical disability leave from work due to health issues. (Docket entiy no. 10 at ¶¶ 4, 10-48). Following Wells Fargo’s filing of preliminary objections and the dismissal of certain causes of action, the Healeys’ claims for breach of contract, fraud in the inducement, violations of the Unfair Trade Practices and Consumer Protection Law, and promissory estoppel remain pending. See Healey v. Wells Fargo, 2012 WL 994564 (Lacka. Co. 2012). The case management order in effect requires all discovery to be completed by July 31, 2015, with the Healeys’ expert reports being due by August 31, 2015, and Wells Fargo’s expert reports due on or before September 30, 2015. (Docket entry no. 59).
The parties’ discovery dispute is governed by Pennsylvania Rule of Civil Procedure 4007.1(a), which states:
A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action, except that no notice need be given a defendant who was served by publication and has not appeared in the action. A party noticed to be deposed shall be required to appear without subpoena.
Pa.R.C.P. 4007.1(a) (emphasis added). The second sentence in Rule 4007.1(a) “clearly requires that a party who is noticed to appear for a deposition must do so without a subpoena.” Barley v. Consolidated Rail Corp., 820 A.2d 740, 744 (Pa. Super. 2003) (emphasis in original). Conversely, “although the Rule does not expressly state it, the implication of the final sentence is that when a party seeks to depose a nonparty, this must be achieved by means of a subpoena.” Id. Thus, the critical inquiry *218 is whether the three prospective deponents, Brooke Ann Bosier, Beverly DeCaro and Kevin Kreis, are parties for purposes of Rule 4007.1(a).
Noting that Brooke Ann Bosier (“Bosier”) and Kevin Kreis (“Kreis”) reside in Iowa and that Beverly DeCaro (“DeCaro”) is located in New York, Wells Fargo submits that Rule 4007.1(a) requires them to be served with subpoenas, whereas the Healeys’ counsel merely noticed the depositions of these non-parties by forwarding a deposition notice to counsel for Wells Fargo. (Docket entry no. 63 at ¶¶5-8). Wells Fargo further contends that in granting the Healeys’ motion to compel on March 12, 2015, “the special trial master advised counsel that the depositions of Ms. DeCaro, Ms. Bosier, and Mr. Kreis needed to be noticed and held in accordance with applicable law and procedures governing the depositions of third party, out of state witnesses.” (Id. at ¶ 12). In reply, the Healeys argue that “[tjhere is no stenographic record of the March 12, 2015 oral argument” before the special trial master, and since the instant appeal is de novo under Local Rule 4000.1, “the proceedings before the special trial master are irrelevant for purposes of this appeal.”[1] (Docket entry no. 66 at p. 12). The Healeys posit that Bosier, DeCaro and Kreis should be treated as parties under Rule 4007.1(a) inasmuch as “DeCaro and Bosier verified discovery answers for defendant Wells Fargo” and “Kreis responded on Wells Fargo’s behalf to a complaint filed by the Healeys with the Pennsylvania Attorney General’s Office, Bureau of Consumer Protection.” (Docket entry no. 65 at p. 2).
*219 The Pennsylvania Rules of Civil Procedure contain special provisions governing the depositions of corporate parties such as Wells Fargo. Rule 4007.1(e) states that a party may name a corporation as the deponent and describe the intended subjects of the deposition, and “[i]n that event, the organization so named shall serve a designation of one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf....” Pa.R.C.P. 4007.1(e). The Explanatory Comment to Rule 4007.1 clarifies that the “consent to testify” requirement in Pa.R.C.P. 4007.1(e) does not apply to “officers, directors or managing agents” of the corporate deponent since “their position requires them to testify.” Pa.R.C.P. 4007.1, Explanatory Comment (1978) at ¶ 8. In lieu of a deposition by oral examination, a party may conduct a deposition by written interrogatories, and Rule 4004(a)(2) provides that “[a] deposition upon written interrogatories may be taken of a public or private corporation...in accordance with the provisions of Rule 4007.1(e).” Pa.R.C.P. 4004(a)(2). The accompanying Explanatory Comment cautions that “[i]f a person who has knowledge of the facts is not an officer, director or managing agent but is an employee and he refuses his consent, discovery may be used to ascertain his identity and he may thereafter be subpoenaed to appear.” Id., Explanatory Comment (1978) at ¶4. The synthesis of these rules regulating the depositions of corporate representatives is that an officer, director or managing agent of a corporation is obligated to appear at a deposition on behalf of the corporation because “their position requires them to testify,” while an employee “who has knowledge of the facts” but “is not an officer, director or managing “agent” may be subjected to a deposition only following service of a subpoena if [s]he *220 does not consent to the deposition.[2]
The Superior Court of Pennsylvania has cautioned that “[t]he term ‘managing agent’ as used in Pa.R.C.P. 4020(a) and 4007.1(e) should not be interpreted too literally.” Mecca El v. Murzyn, 831 A.2d 724, 727 (Pa. Super. 2003). Rather, the question of “[wjhether a person is a managing agent ‘is to be answered pragmatically on an ad hoc basis.’” Id. (quoting Rivera v. Philadelphia Theological Seminary of St. Charles Borromeo, Inc., 326 Pa. Super. 509, 529, 474 A.2d 605, 616 (1984), aff’d as modified on other grounds, 510 Pa. 1,507 A.2d 1 (1986)). According to the Superior Court, “where an individual’s interests are identified with those of his principal, and the nature of the individual’s functions, responsibilities and knowledge pertain to the subject matter of the deposition and litigation, that individual is an appropriate ‘managing agent’” for purposes of the Pennsylvania Rules of Civil Procedure. Id.
The federal rules of civil procedure have comparable provisions concerning the depositions of corporate representatives. See Fed. R. Civ. P. 30(b)(6); Fed. R. Civ. P. 31(a)(4); Fed. R. Civ. P. 32(a)(3). The Superior Court has referenced federal precedent when deciding whether an organization’s employee is a “managing agent” under the state discovery rules. See Rivera, 326 Pa. Super, at 529-530, 474 A.2d at 615-616. Federal decisions consider a corporate employee to be a “managing agent,” and thereby obligated to appear for a deposition without a subpoena, *221 if the employee possesses “the authority to speak for the corporation” on the subject matter of the litigation. Philadelphia Indemnity Insurance Company v. Federal Insurance Company, 215 F.R.D. 492, 494 (E.D. Pa. 2003) (citing cases). Other relevant federal criteria are whether the employee (1) has the power to exercise judgment and discretion on behalf of the corporation with regard to the subject matter of the litigation, (2) can be depended upon to carry out the corporate employer’s direction to provide required testimony, and (3) has an alignment of interests with the corporation rather than one of the other parties. Dempsey v. Bucknell University, 2013 WL 5352284, at *4 (M.D. Pa. 2013) (quoting Philadelphia Indemnity Insurance Company, supra); Luther v. Kia Motors America, Inc., 2009 WL 1727909, at *2-3 (W.D. Pa. 2009). “When a person’s managing agency status is debatable, ‘courts in pretrial proceedings have resolved doubts under the standard in favor of the examining party.’” Dempsey, supra (quoting E.I. DuPont de Nemours & Co. v. Kolon Industries, Inc., 268 F.R.D. 45, 49 (E.D. Va. 2010)).
During oral argument on Wells Fargo’s discovery appeal, counsel for the parties stipulated that the official job titles of Bosier and DeCaro are vice-presidents of loan documentation. In mortgage foreclosure litigation, Wells Fargo’s vice-presidents of loan documentation serve as the affiants for the foreclosure complaints that are filed by Wells Fargo, and attest on behalf of Wells Fargo that the borrower has defaulted on the mortgage obligations, that Wells Fargo has furnished the statutorily required pre-foreclosure notices, and that the borrower has failed to cure the default or take the necessary steps to avoid foreclosure. See Wells Fargo Bank N.A. v. Spivak, 104 A.3d 7, 9 (Pa. Super. 2014). Counsel further confirmed at the oral argument that Kreis is the “Executive *222 Management Specialist in the office of the president,” and was responsible for replying on Wells Fargo’s behalf to the complaint that the Healeys filed with the Bureau of Consumer Protection. Last, the Healeys’ counsel represented that the Healeys are willing to conduct the discovery depositions of the out-of-state deponents, Bosier, DeCaro and Kreis, by videoconference rather than personal attendance in Lackawanna County.
By virtue of their official titles as vice-presidents of Wells Fargo, and their apparent authority to speak on behalf of Wells Fargo in this case by verifying its discovery responses, Bosier and DeCaro are “officers” of Wells Fargo who may be deposed by the Healeys without the necessity of a subpoena. See Philadelphia Indemnity Insurance Company, supra (holding that insurance company’s “assistant vice president, D & O Claims” and “vice president, manager, specialty claims” were “corporate officers that may be deposed without a subpoena by Philadelphia Indemnity.”). Furthermore, Kreis is a “managing agent” of Wells Fargo for purposes of his discovery deposition in this case. As a current “executive management specialist in the office of the president,” Kreis’ “interests are identified with those of his principal,” and since Kreis was empowered by Wells Fargo to respond to the complaint that the Healeys filed with the Bureau of Consumer Protection, his “functions, responsibilities and knowledge pertain to the subject matter” of this case. Mecca El, 831 A.2d at 727. Having been designated by Wells Fargo to reply to the Bureau of Consumer Protection, Kreis clearly has “authority to speak for the corporation” concerning the Healeys’ allegations, and is vested with the power to exercise his judgment and discretion for Wells Fargo in that matter. See Rivera, 326 Pa. Super, at 530, 474 A.2d at 616 (in *223 wrongful death action against seminary arising from altar boy’s drowning in seminary swimming pool, dean of students, to whom the seminary rector referred requests to use the seminary pool, was the seminary’s managing agent for deposition purposes); Dempsey, supra, at *4-5 (finding that faculty members, an events manager and an associate registrar were managing agents of a university in suit filed by a student who was formally censured for disorderly conduct). Thus, Kreis must also appear for a discovery deposition without first being served with a subpoena.
A correlative issue, which often arises in discovery disputes involving the depositions of out-of-state corporate employees, concerns the situs of the proposed deposition. See, e.g., Stemrich v. Zabiyaka, 2013 WL 1127484, at *2 (M.D. Pa. 2013) (“Pennsylvania courts follow the general rule that depositions of corporate agents and officers should ordinarily be taken at the corporation’s principal place of business.”); Luther, supra, at *3 (“If a location other than the corporate place of business is proposed by the party seeking the deposition, and the corporation files a timely objection, a protective order should be granted unless there are unusual circumstances which would justify allowing the deposition to proceed at the place suggested by the deposing party”). In the case sub judice, the identified deponents are located in Iowa and New York. However, the Healeys have agreed to conduct the depositions by videoconference, and as we have previously observed, “[cjourts have embraced videoconferencing as a cost effective alternative to the personal attendance of geographically distant or unavailable witnesses.” Locker v. Henzes, 2012 WL 485466, at *4 (Lacka. Co. 2012). Consequently, although B osier, DeCaro and Kreis may be deposed without a subpoena pursuant to Pa. R.C.P. *224 4007.1(a), they need only submit to videoconference depositions which “would not require either party to travel.” Stemrich, supra, at *3.
And now, this 12th day of May, 2015, upon consideration of “defendant’s appeal motion of special trial master’s order granting plaintiffs’ motion to compel depositions,” the memoranda of law submitted by the parties, and the oral argument of counsel on May 4,2015, and based upon the reasoning set forth above, it is hereby ordered and decreed that:
1. “Defendant’s appeal motion of special trial master’s order granting plaintiffs’ motion to compel depositions” is denied, subject to plaintiffs’ stipulation with respect to the videoconference format; and
2. “Plaintiffs’ motion to compel depositions” is granted to the extent that Brooke Ann B osier, vice-president of loan documentation, Beverly DeCaro, vice-president of loan documentation, and Kevin Kreis, executive management specialist in the office of the president, shall appear for their depositions without subpoena pursuant to Pa.R.C.P. 4007.1(a) prior to July 31, 2015, provided that their depositions are conducted by videoconference at a mutually convenient time. See Pa.R.C.P. 4012(a)(2)-(3) (empowering courts to prescribe the method and place of a deposition.).

. Under Lacka. Co. R.C.P. 4000.1, discovery motions must initially be presented to and decided by the court-appointed special trial master whose ruling “may be appealed de novo” to the court of common pleas within ten days of the master’s decision. Fratzola v. Klepadlo, 26 Pa. D. & C. 5th 533, 537-538 (Lacka Co. 2012).

. Additionally Rule 4020 addresses when discovery depositions may be used against a party at trial, and authorizes the admission or use by an adverse party of “[t]he deposition of a party or of any one who at the time of taking the deposition was an officer, director, or managing agent of a party or a person designated under Rule 4004(a)(2) or 4007.1(e) to testify on behalf of a public or private corporation....” Pa. R.C.P. 4020(a)(2).